## Burritt *against* Silliman and others.

A person, named as an executor in an instrument propounded as a will, is a competent witness to sustain its probate after he has renounced the executorship.

In the absence of proof to the contrary, a devisee of property in trust is presumed to accept the trust estate.

But he cannot be vested with such an estate against his will; and where he declines to accept it, his disclaimer need not be in such form as to pass an estate in the property devised.

Accordingly, where, by an instrument executed as a will, real and personal property was devised to three persons in trust, and they were also named as executors; and on its being offered for probate in the surrogate's court by a party other than the trustees, one of the latter executed, acknowledged and delivered to the surrogate an instrument by which he renounced the executorship, and all right and claim to act as trustee; *Held*, that it was a valid disclaimer, and that the person making it was a competent witness to sustain the will.

Burritt *v.* Silliman, 16 Barb. 198, reversed.

APPEAL from a judgment of the supreme court, affirming the decree of the surrogate of the county of Rensselaer refusing to admit to probate an instrument purporting to be the last will of Abigail C. Rankin Clapp, deceased. Mrs. Clapp died in June, 1850, and the instrument propounded as her will was dated in March of that year. By its terms she devised and bequeathed to her sister, Mrs. Nancy C. Burritt, certain real estate and personal property which were specified; and the rest and residue of her property, real and personal, she devised and bequeathed to Robert D. Silliman, Samuel Kendrick and Stephen Monroe, in trust, to sell and convey the same, and convert it into money according to their discretion, and with the proceeds pay debts and certain specified legacies. The trustees were also named as executors. The wife of Monroe was a legatee to the amount of $500.

Mrs. Burritt applied to the surrogate to have the will proved as a will of real and personal property; and on the

hearing in November, 1850, after the subscribing witnesses had been examined, Stephen Monroe, one of the trustees and executors named in the will, was offered as a witness on her behalf to establish the will. He was objected to by the counsel for some of the heirs and next of kin to the deceased, who opposed the probate, on the ground that a large portion of the property of the deceased was by the will given to him and two others as trustees. The objection was sustained and the counsel for the propounder excepted. Her counsel then read in evidence and delivered to the surrogate an instrument executed by Monroe, dated the 12th of November, 1850, and duly acknowledged by him the same day before a commissioner of deeds, whereby, after reciting his appointment by the will as one of the executors and trustees, he did "renounce the said appointment and all right and claim to letters testamentary of the said will, or to act as executor thereof, and all right and claim to act as trustee under the said will, and pray the surrogate of the county of Rensselaer to accept and record his renunciation;" and thereupon again offered Monroe as a witness on behalf of the applicant. The counsel for the contestants still objected to his competency on the grounds: (1) That he could not renounce after the proceedings to prove the will were instituted; (2) That he could not renounce as trustee or executor before the will was proved; (3) That the renunciation read in evidence did not release his interest as trustee in the property devised and bequeathed by the will; and, (4) That notwithstanding the renunciation, he could afterwards take upon himself the office of trustee, or executor, or both. The surrogate decided that Monroe was interested, and for this reason incompetent as a witness, inasmuch as he had a right, at any time before letters testamentary should be granted, to revoke his renunciation and require them to be issued to him, and excluded him. The counsel for the applicant excepted. A large number of witnesses were then examined on each side,

touching the capacity of the testatrix.   The surrogate refused to admit the instrument to probate as a will.   On appeal, his decision was affirmed by the supreme court sitting in the 3d district. (*See* 16 *Barb.*, 198.)   Mrs. Burritt appealed to this court.

I. *Pierson*, for the appellant.

J. *H. Reynolds*, for the respondents, insisted:

That the character of the witness Monroe, as trustee, was separate from that as executor, and was not affected by the renunciation.   That his right as trustee or donee of a power in trust, could not be divested except by deed of disclaimer or a formal release.   That by the will, real and personal property was devised to the trustees, and that the title vested and remained in them until conveyed or released by a proper instrument.   That the renunciation signed by Monroe did not purport to transfer any interest in the trust estate.   He cited and commented upon the following authorities : (*Judson* v. *Gibbons*, 5 *Wend.*, 224; *Dominick* v. *Michael*, 4 *Sandf.*, 373, 401; *Hill on Trustees by Wharton*, 316 *et seq.; 1 Cruise*, 539; *Conklin* v. *Edgerton*, *Ex'r.*, 21 *Wend.*, 430; *Doolittle* v. *Lewis*, 7 *Johns. Ch.*, 45; 1 *Sugden on Powers*,2; *id.*, 171 (6 *Lon. ed.*); *Dike* v. *Ricks*, *Cro. Car.*, 335; *Powell on Devises*, 194; *Franklin* v. *Osgood*, 14 *J. R.*, 527, 533.)

JOHNSON, J., delivered the opinion of the court.

The supreme court was clearly right in the opinion that Monroe, after his renunciation of the executorship of Mrs. Clapp's will, was not, by reason of his being named executor in the will, incompetent to be a witness.   He was not the party propounding the will for probate; and the possibility that he might revoke his renunciation did not constitute such a direct and immediate interest in the event of the

Burritt *against* Sill man.

controversy, as to disqualify him to be a witness. (*Robertson* v. *McGeoch*, 11 *Paige*, 640 ; *Thompson* v. *Dixon*, 3 *Addams*, 272.)

Monroe was also one of the devisees in trust of the real and personal estate of the testatrix ; and upon this ground the decision of the surrogate, rejecting him as a witness was sustained by the supreme court, notwithstanding the instrument of renunciation executed by him. This instrument, signed and acknowledged by Monroe, and executed in the presence of two attesting witnesses, declared his renunciation of all right and claim to act as trustee under the will. The case of *Judson* v. *Gibbons* (5 *Wend.*, 224,) does not sustain the decision of the supreme court, though some expressions in the opinion certainly favor that view. In that case Van Vechten, one of the defendants, was named executor and trustee in the will of the person against whose representatives the suit was brought. On the trial, it appeared that Van Vechten had not taken out letters testamentary nor acted as executor. The judge thereupon ruled that he was not a devisee under the will, and could not take as trustee without acting as executor. Upon a review of this ruling it was held to be erroneous, Savage, C. J. saying, that Van Vechten should have disclaimed or released the trust as well as refused the executorship, and that then he could not have been considered a devisee under the will, and referred to a passage in Cruise (1 *Cruise* 539), where it is stated that the usual practice is to require a trustee who refuses to accept a trust to release or execute a deed of disclaimer. The point was whether a refusal to be executor operated as a rejection of the trust estate; and the case did not require a determination upon the sufficiency of other modes of rejecting such an estate. It seems clear that the law does not compel a man to accept an estate, either beneficial or in trust, against his will, while it may reasonably presume, in the absence of evidence, that an estate has been accepted, especially where it is beneficial

in its character. But when it turns out that the estate has not been accepted, it remains in the original owner, precisely as if the conveyance had not been executed. It has failed to be effectual to convey the estate, and is, by the disagreement of the party, rendered null. What evidence of disagreement the law will require, looking on the one hand to the convenience of the party rejecting the estate, and on the other to the public convenience, which makes it desirable that acts affecting the title to land should take such form as that the evidence of them may be capable of preservation, is matter for after consideration.

In *Crewe* v. *Dicken* (4 *Ves.*, 97), a trustee, who had executed a deed of release to his co-trustees instead of disclaiming, was held to have thereby accepted the estate; and the chancellor on that ground refused to compel a purchaser to take the conveyance of the other trustees, to whom the release had been executed, unless the trustee who had released would join in the receipt for the purchase money. Lord Eldon afterwards, in *Nicloson* v. *Wordsworth* (2 *Swanst.*, 387), thought this case rather an over refinement, and that a release, intended as a disclaimer, might well enough in equity be deemed to operate only as a disclaimer; but his argument shows that a disclaimer was not supposed to have any effect as a conveyance of an estate, it having neither parties to whom the estate should pass, nor words of conveyance. In *Townson* v. *Tickell* (3 *B. & Ald.*, 31), the question arose whether a devisee in fee could disclaim by deed; it being contended that a disclaimer in a court of record could alone suffice to defeat the estate. All the judges rejected this doctrine, and held that the disclaimer by deed was sufficient. This was held, not upon the ground that the deed of disclaimer operated as a conveyance, but that it was a solemn instrument asserting the disagreement of the party. Holroyd, J., says : "The law presumes that a devisee will assent until the contrary be proved ; when the contrary, however, is proved, it shows that he never did

Burritt *against* Silliman.

assent to the devise, and consequently that the estate never was in him. I cannot think that it is necessary for a party to go through the form of disclaiming in a court of record, nor that he should be at the trouble or expense of executing a deed to show that he did not assent to the devise." These authorities render it clear that a disclaimer does not operate as a conveyance; and there is, therefore, no necessity that it should be executed with those forms which are necessary to pass an estate in land.

The disclaimer in this case being distinct in its terms and having been acknowledged, so as to be capable of being read in evidence without further proof, was in form sufficiently solemn to be effectual for the purpose it was intended to answer. It satisfactorily proved that Monroe refused to accept the devise. He therefore ought to have been examined as a witness.

Under these circumstances it does not seem advisable to express an opinion upon the other questions in the cause, depending upon the evidence admitted. The cause should be remitted to the surrogate with judgment of reversal, and with directions that the testimony already taken shall stand, and that further evidence may be introduced by any of the parties: and the costs should abide the event of the cause.

Judgment accordingly.[1]

---

[1] One named as executor in a will, is a competent witness to prove its execution. It seems, that he is not rendered incompetent by the revised statutes (3 R. S. 2287, 7th ed.) ; but, at all events, is rendered competent by the Code (Code of Civil Procedure, § 828). *Children's Aid Society* v. *Loveridge*, 70 N. Y. 387, 392. *Rugg* v. *Rugg*, 83 Ibid. 592 ; s. c. 21 Hun 383. *Reeve* v. *Crosby*, 3 Redf. 74. *Levy's Will*, 1 Tuck. 87. And see *McDonough* v. *Loughlin*, 20 Barb. 245.