MARY S. DUNNING, Trustee, &c., Respondent, v. THE OCEAN NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

No right of action vests in one named as executor in a will, and to whom is given as executor a trust under the will, but who renounces the executorship and refuses to assume or take upon himself the trust, to recover money belonging to the trust. In such case, the trust remains vested in the Supreme Court until the appointment by it of a trustee under the will, and the statute of limitations runs against a claim for such moneys from the time of the appointment and qualification of such trustee.

Nor does an administrator with the will annexed, appointed under the will, become such trustee, or have any right of action for such moneys.

APPEAL from a judgment entered upon the decision of Justice DOOLITTLE at Special Term in Jefferson county. The action was brought to recover the surplus moneys arising from sale of real estate upon mortgage foreclosure. The facts are stated in the opinion.

*F. W. Hubbard,* for the appellant.

*Lansing & Sherman,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The only question in the case is, whether the right of action was barred by the statute of limitations before the action was commenced. The money to recover which this action is brought came to the possession of the defendant on the 2d of July, 1861, by means of the foreclosure of a mortgage, and the purchase by the defendant of the mortgaged premises upon the sale. The purchase price at the sale exceeded the amount due on the mortgage and costs of foreclosure, in the sum of $1,833.78. This amount became and was a trust fund under the will of Margaret Dunning. She was the owner of the premises in fee, subject to this mortgage, and died October 19th, 1857, leaving a last will and testament by which she devised the said

premises to the executor named in the will, in trust for certain purposes, and appointed William S. Jennings sole executor. The trust is conceded to be a valid trust. Jennings refused to take upon himself the execution of the will, by a written renunciation in due form, and, as the justice before whom the cause was tried finds, never accepted the trust created by the will, but refused to assume and take upon himself the same. No trustee was appointed to execute and carry out the trust until the 28th of December, 1869, when the plaintiff was, by the Supreme Court, appointed as such trustee. She accepted the trust and duly filed the bond required by the order by which she was appointed. The plaintiff, after her appointment and acceptance of the trust, demanded the surplus money arising from the sale, of the defendant, and payment to her was refused, whereupon she brought her action. If there was no person or party in being, at the time the money in question came to the possession of the defendant, who could lawfully demand and receive the same, and in whom a right of action for the recovery thereof vested, or since, until the appointment of the plaintiff as trustee to execute the trust, and her acceptance, the action is not barred. This is well settled. Until there is some one entitled to demand and take, there is no obligation to pay, and no promise can be implied. The statute does not begin to operate till then. (*Douglass* v. *Forrest,* 4 Bing., 686; *Murray* v. *East Ind. Co.,* 5 B. & Ald., 204; *Richards* v. *Richards,* 2 id., 447; *Piggott* v. *Bush,* 4 A. & E., 912; *Bucklin* v. *Ford,* 5 Barb., 395; *Vareham* v. *Mohawk Ins. Co.,* 13 Wend., 267; *Davis* v. *Gaw,* 2 Seld., 124.)

Before there is any party who can maintain an action, or in whom any right of action has vested, there is no contract, obligation or liability, express or implied, to pay. The statute does not commence to run until a right of action in favor of some one has accrued. It is not at all like the case of a person under a disability to serve, in whose favor a right of action has accrued. It is a case where a right of action does

not accrue at all until there is a party who may bring and maintain an action. The counsel for the defendant insists that the title to the real estate vested in Jennings as trustee, upon the death of the testator, under the will, notwithstanding his renunciation as executor.

But he renounced and refused to accept the trust, also, and the estate never vested in him. He could not be compelled to take the title against his will. (*Towson* v. *Tickell*, 3 B. & Ald., 31; 1 Cruise's Dig., 433, Gred. ed.; *Depeyster* v. *Clendenning*, 8 Paige, 295; *Burritt* v. *Silliman*, 13 N. Y., 295; *Beekman* v. *Bonser*, 23 id., 305; *McCosker* v. *Brady*, 1 Barb. Ch., 329; *In the Matter of George W. Robinson*, 37 N. Y., 261.)

In such a case the execution of the trust devolves upon the Supreme Court, and it is its duty to appoint a trustee to execute the trust. Until a trustee is appointed in such case, there is no person to bring an action, and no right of action has accrued. Even if the title to the land devised in trust vests nominally in the renouncing trustee, in order to prevent a failure of the trust, still the execution of the trust in that case devolves upon the court, and no right of action could accrue to the nominal trustee who had refused to accept the trust. (*King* v. *Donnelly*, 5 Paige, 46.)

The plaintiff did not become the trustee under the will, by virtue of her appointment as administrator with the will annexed, on the 11th of March, 1869. That appointment gave her no title to the trust property, nor did it clothe her with the trust power given by the will. The execution of the trust had then devolved upon this court, and it had become, by law, vested with all the trust powers which the will had conferred.

These powers could not be taken away and conferred upon another by the surrogate, by any appointment he could make. The court in which the powers had been cast and where it resided could alone clothe an appointee with the necessary power to execute and carry out the trusts.

An administrator with the will annexed has no power

to sell and dispose of the real estate granted by a will and divide the proceeds as by the will directed, nor to execute a power in trust relative to real estate, given to the executors by the will. (*Conklin* v. *Edgerton, admr.*, 21 Wend., 430, affirmed by Court of Errors, 25 id., 224; *Dominick* v. *Michael*, 4 Sand., 374; *Roonee* v. *Phillips*, 27 N. Y., 357, 363.) There was, therefore, no person who could prosecute an action to recover this money until the 28th of December, 1869, when the plaintiff was appointed trustee by this court and accepted the trust, and no right of action had before that time accrued against the defendant. As was said by BEST, C. J., in *Douglass* v. *Forrest* (*supra*), a "cause of action is the right to prosecute an action with effect, and no one has a cause of action until there is somebody he can sue." And in *Murray* v. *East India Co.* (*supra*), ABBOTT, C. J., says, "we think it cannot be said that a cause of action exists, unless there be also a person in existence capable of suing." The statute, therefore, did not begin to run until the appointment of the plaintiff as trustee and is no bar.

The judgment must therefore be affirmed.

Judgment affirmed.