# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## March, 1880.

20  267
38ap380

WILLIAM H. ARGALL, Respondent, v. BENJAMIN F. RAYNOR and others, Defendants.

DAVID H. McALPIN, Purchaser, Appellant.

*A purchaser at a judicial sale will not be compelled to accept a doubtful title*

A purchaser at a sale, under a decree in foreclosure, has a right to expect that he will acquire a good title, and he will not be compelled to accept a deed when the title is doubtful, and a claim to the property exists, in favor of persons who are not parties to the action, which might impair the value of the real estate by casting a cloud over the title, or by subjecting the purchaser to the risk of a contest at law.

APPEAL from an order made at Special Term, directing the purchaser at a foreclosure sale under a decree herein to complete his purchase and take the title.

This action was brought in the month of July, 1877, to foreclose a mortgage made by one Ebenezer H. Brown to one John Sudlow, dated 1st of May, 1867, to secure the principal sum of $7,000 upon four lots of land in the city of New York. The bond and mortgage was duly assigned to plaintiff before the commencement of this action. On or about the 26th day of November, 1875, the defendant Benjamin F. Raynor, who had purchased said mortgaged premises subject to said mortgage, by deed of that date, sold and conveyed to Sarah E. Raynor (the defendant, Sarah E. Cornish) " as executrix and trustee under the last will

and testament of William H. Raynor, deceased," three undivided fourth parts of said premises, subject to three-fourths of said mortgage. The deed expressing a consideration of one dollar was recorded on the 30th November, 1875. The said William H. Raynor died in October, 1874, leaving him surviving his widow and four children. His will, dated 30th January, 1874, was admitted to probate on November 16th, 1874. After directing payment of debts and funeral expenses, and making certain bequests of personal property, the testator, by the fifth clause of the will, devised all the remainder of his estate, real and personal, unto the executrix and executors therein named, the survivor and survivors of them, in trust, with power to receive the rents and profits of the same, and to sell, dispose of and convey the same at such time and in such manner as to them shall seem proper, and to invest and keep invested such rents and profits, and the proceeds of such sale or sales, in bonds of the United States or of the city or State of New York, or in first bonds and mortgages on real estate, and to divide and apply the same and the income thereof as thereinafter directed. By the last clause of his will the testator appointed his wife, Sarah E., executrix, and his friends, William R. Stewart, John H. Morris and Jonathan Edgar, executors, and requested that his wife should qualify as executrix, and that at least one of his said friends should qualify and act with her as executor.

The provision for the wife mentioned in the sixth clause of the will was to be in lieu of dower.

Letters testamentary were duly issued in December, 1874, to the widow, the defendant, Sarah E Cornish, who duly qualified and acted as executrix. The others named in said will as executors failed to qualify, and neither of them was named in the letters testamentary. The defendant, Sarah E. Cornish, was sued "as executrix and trustee under the last will and testament of William H. Raynor, deceased." Judgment was entered on or about October 24, 1877. The premises were sold on 22d day of July, 1879, to J. Romaine Brown for $23,000. The purchaser paid ten per cent thereof to the referee, and signed a memorandum of his purchase. Brown bought for the benefit of David H. McAlpin, and assigned his purchase to him.

The referee's deed was duly tendered to said McAlpin, who refused to complete his purchase, claiming that the title was defective, because the children and grand-children and the persons named in the will of William H. Raynor as executors were not made parties defendant in this action, and because the said widow was not divested of an estate in dower, and also because it was claimed the premises were purchased by B. F. Raynor on joint account and for the benefit of himself and W. H. Raynor and George H. Peck.

*T. G. Van Volkenburgh*, for purchaser, appellant. Section 51 (1 R. S., 728, m. p.), which provides that when a grant shall be made to one person, and the consideration be paid by another, no use or trust shall result in favor of the party paying, etc., has no application to a transaction such as was the purchase in this case. (*Fairchild* v. *Fairchild*, 64 N. Y., 471; *Carr* v. *Carr*, 52 id., 251; *Chester* v. *Dickinson*, 54 id., 1; *Bissell* v. *Harrington*, 18 Hun, 81.) By force of the will alone the several parties named as executors became trustees and were vested with the trust estate. (*Dunning* v. *Ocean Bank*, 61 N. Y., 497; *Dominick* v. *Michael*, 4 Sand., 375; *Dunning* v. *Ocean Bank*, 6 Lans., 298; *Burritt* v. *Silliman*, 13 N. Y., 96.) The appellant further insists that the proceedings in foreclosure are defective, because the children and grand-children of the testator, Wm. H. Raynor, were not made parties defendant. (1 R. S., 729 [m. p.], §§ 60, 61; 1 R. S., 723 [m. p.], § 13; *Moore* v. *Lyons*, 25 Wend., 144; *Lawrence* v. *Bayard*, 7 Paige, 75; *Nodine* v. *Greenfield*, 7 id., 544; *Moore* v. *Littel*, 41 N. Y., 76, 80; *Livingston* v. *Greene*, 52 id., 123; *Mead* v. *Mitchell*, 17 id., 214; *Leggett* v. *Mutual Life Ins. Co.*, 64 Barb., 23; *Peabody* v. *Roberts*, 47 id., 91; *Gage* v. *Brewster*, 31 N. Y., 218; *Hirsch* v. *Livingston*, 3 Hun, 9; *Verdin* v. *Slocum*, 71 N. Y., 345.) A purchaser at a judicial sale will not be compelled to accept a doubtful title. (*Matter of Cavanagh*, 14 Abb., 258; *McGown* v. *Wilkins*, 1 Paige, 120; *Jackson* v. *Edwards*, 22 Wend., 509; *Rogers* v. *McLean*, 31 Barb., 304; *Raynor* v. *Selmes*, 52 N. Y., 580.)

*G. H. Brewster*, for the respondent. The deed having been taken in the name of Benjamin F. Raynor, the payment, by Wil-

liam H. Raynor in his life-time, of a part of the consideration vested no estate or interest in the latter either in law or in equity. (Statute of Uses and Trusts, § 51; *Garfield* v. *Hatmaker*, 15 N. Y., 478; *Williams, Ex.,* etc. v. *Gillies*, 18 Alb. L. J., 469.) The defendant, Mrs. Cornish, the widow, never had any dower right in the mortgaged premises. To entitle a widow to dower there must have been a seizin in the husband during coverture. (4 Kent's Com., 37; *Poor* v. *Horton*, 15 Barb., 485.) The persons named in the will as executors were not necessary parties defendant to the foreclosure. (2 R. S., 71, § 16 [15]; 2 R. S., 109, § 73 [55]; *Taylor* v. *Morris*, 1 N. Y., 341, 349; *Leggett* v. *Hunter*, 19 id., 455; *Meakings* v. *Cromwell*, 1 Seld., 136.) The children and grand-children of the testator were not necessary parties defendant. By this will the real estate must be deemed personal estate under the doctrine of equitable conversion. (*Dodge, etc.,* v. *Pond*, 23 N. Y., 69; *Hatch* v. *Bassett*, 52 id., 359; *Fisher, Adm.,* v. *Banta*, 66 id., 468.) But if the real estate has not been converted by the will into personal estate, they were not necessary parties, because the trust created by the will was an express trust. (Statute of Uses and Trusts, § 55.) The whole estate in law and equity is vested in the executrix. (Same Statute, § 73 [60].) The persons for whose benefit the trust is created had no estate or interest in the lands. (Same section; *Verdin* v. *Slocum*, 9 Hun, 150; *Noyes* v. *Blakeman*, 2 Seld., 567.)

DAVIS, P. J.:

In *Jordan* v. *Poillon*, decided by the Court of Appeals in June, 1879 (not yet reported), the question upon which the validity of the title under a sale in an action for partition depended, was whether certain legacies bequeathed by the will of Alexander C. Poillon were charges upon his real estate. The legatees named in the will were not parties to the action. In the course of the opinion the court say: "A purchaser on a partition or foreclosure sale has a right to expect that he will acquire a good title, and the law presumes that he bids with that object in view. He should not be left upon receiving a deed, to the uncertainty of a doubtful title or the hazard of a contest with other parties, which may seri-

ously affect the value of the property if he desires to sell the same. It is easy to see how a claim of this kind might impair the value of the real estate sold, by casting a cloud over the title, or by subjecting the purchaser to the risk of a contest at law. From such a result he is entitled to protection, and the case should be very plain which would authorize a court to decide a question, arising on a motion to compel a party to take a conveyance, and then it should be determined only with the consent of such purchaser."

The court in that case declined to pass upon the question, whether the legacies were charges upon the lands, because the legatees not being parties to the partition suit would not be bound by the determination and as to them the question of the charge would still be an open one which might be again litigated in some form of action against the purchaser, and for that reason refused to require him to complete the purchase.

Whether this decision does not go altogether too far, and in its operation relieve buyers on foreclosure and partition sales from completing their purchases in all cases where it can be shown that some person not a party to the action may assert a claim or interest, which may become the subject of future litigation, is not for us to determine. No later decision of the same court has been brought to our notice, and we are therefore bound to accept it as a final exposition of the law in such cases, although we might otherwise have supposed it our duty to pass upon the questions upon which the rights of the parties before us plainly depend.

It is only necessary therefore, in disposing of this case to ascertain whether or not there is some practical and serious question in the case in which persons not parties to this suit who cannot be estopped by our judgment, have a right to be heard in some possible future litigation. That there are such questions in this case cannot admit of doubt.

*First.* There is a question whether the title of the lands covered by the mortgage foreclosed, was taken by Benjamin F. Raynor as a co-partner of William H. Raynor and George H. Beck, so that it was not subject to the statute which provides that when a grant shall be made to one person and the consideration paid by another, no use or trust shall result in favor of the party paying the con-

sideration (1 R. S., 728, § 51), because if the case were one to which the statute applied to make the trust void, the whole title to the lands vested in Benjamin F. Raynor, and the executors and trustees under the will of William H. Raynor, took nothing by the devise in trust to them, and were not necessary parties to the foreclosure, nor were their several *cestuis que trust*, by reason of any of the provisions of the will. But if Benjamin F. Raynor held the land as co-partner, then the interest therein of William H. Raynor, was a proper subject of devise, and all questions, as to the validity of the devise, and to whom the same carried the legal title, and by whom the trust must be executed, and for whose benefit, are questions in which persons who have had no opportunity to be heard in the foreclosure suit, are interested and their interests are not affected by the judgment of foreclosure.

*Second.* A serious question arises under the devises of the will as to the persons in whom the legal title to the land is vested. The fifth clause of the will devises all the real estate of the testator "unto my executrix and executors hereinafter named, and the survivors and survivor of them, in trust, with power," etc.

The testator named his wife, Sarah E. Raynor, executrix, and his friends, William R. Stewart, John H. Morris and Jonathan Edgar, executors. Sarah E. Raynor qualified and took out letters as such executrix. Neither of the other persons named has ever qualified as executor. William R. Stewart had died before the action in foreclosure was commenced ; John H. Morris and Jonathan Edgar were both then living and neither of them had made any formal renunciation either as executor or trustee. Mrs. Raynor (now Mrs. Cornish) was made a party to the suit as executrix and trustee under the last will and testament of William H. Raynor. Neither Morris nor Edgar were made such parties. None of the children or grand-children of the testator, who are the *cestuis que trust* named in the will, were made parties. The appellant claims that by force of the will alone the several persons named as executors became trustees and were vested with the trust estate. He cites as authorities for this proposition *Dunning* v. *The Ocean National Bank* (61 N. Y., 497); *S. C.* (6 Lans., 298); *Dominick* v. *Michael* (4 Sandf., 375); and *Burritt* v. *Silliman* (13 N. Y., 96). If the title vested in all the persons named as executors in

the will, then all of such persons should have been made parties to the foreclosure, because it may well be asserted hereafter by the *cestuis que trust* that the making of one of their trustees a party cannot cut off their interest in the trust estate; and they may be yet heard to assert that a joint estate is vested in the trustees by virtue of which they are jointly entitled to redeem the property sold for the benefit of the *cestuis que trust*, notwithstanding the fact that Mrs. Cornish was made a party to the action. How these questions should be determined we are not, under the authority of *Jordon* v. *Poillon*, above cited, at liberty to decide, because the parties most interested in them are not before us in this action.

Again a question is made whether the several children of the testator should not have been made parties to the action, because in substance, as it is claimed, the remainder was devised in fee to the children and grand-children of the testator after the happening of certain events named in the will in respect of which devise and their rights thereunder they were not represented by the executrix and trustee who was alone made a party to the action, the power of sale given by the will never having been executed.

It is insisted by the respondent's counsel that by the provisions of the will the real estate of the testator must be deemed *personal estate* under the doctrine of equitable conversion; and upon this question they cite *Dodge* v. *Pond* (23 N. Y., 69); *Hatch* v. *Bassett* (52 id., 359); and *Fisher* v. *Banta* (66 id., 468); but this also is a question upon which the parties interested in the estate are entitled to be heard either by themselves or their representatives, and it is claimed that they are not precluded from contesting that question by the fact that Mrs. Raynor was made a party. We do not feel ourselves at liberty under the decision of *Jordan* v. *Poillon* to go any further than to say that these questions are of sufficient importance to impair the value of the real estate sold, by casting a cloud upon the title, or by subjecting the purchaser to the risk of a contest at law.

The result is that the order of the court below must be reversed with ten dollars costs and disbursements, and the usual order entered denying the plaintiffs motion and relieving the purchaser

from his purchase, and directing repayment to him of his deposit and the expenses of searching the title.

BRADY, J., concurred in the result.

Present — DAVIS, P. J., and BRADY, J.

Order reversed, with ten dollars costs and disbursements.