## New York City Court.

*Special Term—May,* 1883.

### HUNT *against* PEAKE.

Statues of limitations as applicable to legal represenatives or heir at law.

Section 392 of the Code of Civil Procedure does not apply to a case where an executor or administrator qualifies shortly after the

Hunt v. Peake.

death of the decedent.   When the statute of limitations has once
attached, it is not revived by this section.

McADAM, J.—Prior to section 392 of the Code of
Civil Procedure, the statute of limitations began to run
only from the grant of letters testamentary or of adminis-
tration, and this upon the ground that until the granting
of letters there was no person in being capable of suing,
and in consequence the limitation was in some cases
indefinitely postponed (5 *Barb.* 393; 6 *Lans.* 296; 61
*N. Y.* 497).   Section 392, which is new, changed this in-
definite rule, by providing that for the purpose of the
statute of limitations "letters are deemed to have been
issued within six years after the death of the testator or
intestate."   If, therefore, letters have in fact not been
issued, and the action is so barred by this new provision
that no executor or administrator who subsequently quali-
fies, can in consequence maintain an action, " Any of the
next of kin, legatees or creditors, who at the time of the
transaction upon which it might have been founded, was
within the age of twenty-one years . . . may, within
five years after the cessation of such a disability, main-
tain an action to recover damages by reason thereof; in
which he may recover such sum . . . as he would
have received upon the final distribution of the estate, if
an action had been seasonably commenced by the executor
or administrator."   This section does not apply to a case
like the present, where an administratrix qualified within
two months after the death of the intestate, and by
her neglect to prosecute, the statute of limitations has
once legally attached, for there is nothing in section 392
(*supra*) which revives or transfers the lost cause of action
to the next of kin or legatees.   The cause of action passed
to the administratrix as soon as she qualified, and she
holds legal title to it still, unless it be lost, as before sug-
gested, by her neglect to sue, and its consequent discharge
by the statute.   The neglect of the administratrix might

have been sufficient to charge her personally with the debt, upon her final accounting before the surrogate, but it does not furnish the plaintiff with a cause of action against the defendant.

Demurrer sustained.

See also Viets v. Union Nat. Bk., 101 *N. Y.* 564.