The Albany Hospital, Respondent, *v.* Albany Guardian Society and Home for the Friendless et al., Defendants, and Amy L. Hanson et al., Appellants.

Partition — when interlocutory judgment therein is final and, therefore, appealable — conditional devise of real property — what constitutes rejection thereof — when rejected devise passes to residuary estate of testator.

1. A judgment in partition adjudicating adversely to the claim of a party to an interest in the property affected by the action is final, and as to such part thereof appealable, although interlocutory as between parties adjudged to have an interest in the premises.

2. A devise of real estate is an offer to the proposed beneficiary, and while the presumption is that he will accept it when he has an opportunity, there is no presumption of immediate acceptance; if acceptance does occur, the title will relate back to the time of the devise at least in the absence of intervening rights; if refusal results the devise will never take effect and title never vest.

3. A testator devised real estate to a church corporation which declined the devise and gave notice to that effect to the executors

of the will.   Heirs at law and residuary devisees claim the property.   *Held,* that the disclaimer and renunciation, although not by deed or matter of record, was sufficient, and that the property covered by the lapsed devise passed under the residuary clause of the will.

*Albany Hospital* v. *Albany Guardian Society,* 154 App. Div. 915, affirmed.

(Argued March 4, 1915; decided April 13, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 6, 1913, affirming an interlocutory judgment of Special Term in an action for the partition of real property.

The facts, so far as material, are stated in the opinion.

*George H. Richards* and *Nash Rockwood* for appellants. The devise to the church was not void as suspending title for one year.   The title vested in the church upon the death of the testator.   (*Oxley* v. *Lane,* 35 N. Y. 340; *Matter of Trumble,* 199 N. Y. 454; *Henderson* v. *Henderson,* 113 N. Y. 1; *Matter of Lincoln Trust Co.,* 76 Misc. Rep. 421; *Jones* v. *Habersham,* 107 U. S. 174; *Manice* v. *Manice,* 43 N. Y. 303; *Smith* v. *Edwards,* 88 N. Y. 92.)   The condition imposed by the will was a condition subsequent.   (*Fowler* v. *Coates,* 201 N. Y. 257; *Nicoll* v. *N. Y. & E. R. R. Co.,* 12 N. Y. 121; *Upington* v. *Corrigan,* 151 N. Y. 143; *Towle* v. *Remsen,* 70 N. Y. 303; *Taylor* v. *Mason,* 22 U. S. 325.)   The devise did not lapse.   Where a condition is precedent the devise cannot take effect until performance or acceptance of the condition, and in case of refusal lapses; but where the condition is subsequent the devise vests at once at the death of the testator, subject to be defeated by breach of or a refusal to perform the condition.   (*O'Brien* v. *Barkley,* 78 Hun, 609; *Taylor* v. *Mason,* 22 U. S. 325; *Matter of Trumble,* 199 N. Y. 454; *Lovett* v. *Gillender,* 35 N. Y. 617; *Booth*

v. *Baptist Church*, 126 N. Y. 215; *Corse* v. *Chapman*, 153 N. Y. 466; *Embury* v. *Sheldon*, 68 N. Y. 227; *Miller* v. *Gilbert*, 144 N. Y. 68.) After the devise to the church there was nothing left in the testator's estate but the possibility of reverter. This is not an estate and cannot be devised, and, therefore, the residuary clause could not and did not carry it, and it remains in the heirs. (*Upington* v. *Corrigan*, 151 N. Y. 143; *Fowler* v. *Coates*, 201 N. Y. 257; *Clowe* v. *Seavey*, 208 N. Y. 496.) The property cannot be taken from the heirs unless there can be found expressed in the will an intention of the testator to give it to the residuary devisees. (*Matter of Trumble*, 199 N. Y. 454; *Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Brown* v. *Quintard*, 177 N. Y. 75.)

*P. C. Dugan, Albert Hessberg* and *David A. Thompson* for respondent. The Emmanual Baptist Church having declined to accept the devise of the premises described in the "Third" paragraph of the testator's will, the devise became ineffectual and the property passed to the residuary devisees under the "Ninth" paragraph of his will. (*Riker* v. *Cornwell*, 113 N. Y. 115; *Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337; *Gallavan* v. *Gallavan*, 57 App. Div. 320; *Endress* v. *Wiley*, 122 App. Div. 110; 197 N. Y. 541; *Matter of Bonnet*, 113 N. Y. 522; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Lamb* v. *Lamb*, 131 N. Y. 227; *Smith* v. *Smith*, 141 N. Y. 29; *Carter* v. *Bd. of Education*, 144 N. Y. 621; *Morton* v. *Woodbury*, 153 N. Y. 243.) The fact that the testator disposed of all his property specifically and then made the broad and comprehensive residuary clause contained in his will, evidences his intention and creates the necessary implication that he did not intend to die intestate as to any of his property. (*Floyd* v. *Carow*, 88 N. Y. 560; *Matter of Allen*, 151 N. Y. 243; *Pomeroy* v. *Hincks*, 180 N. Y. 73; *Matter of Trumble*, 199 N. Y. 454; *Langley* v. *Westchester Trust Co.*, 180

N.Y. 332; *Osborn* v. *Rochester Trust & S. D. Co.*, 209 N. Y. 54.)

HISCOCK, J. This action was brought for the partition of certain real estate situate in the city of Albany. The respondent claims that it is seized and owner of one-third of said real estate under the residuary clause of the will of one Lathrop who concededly died seized of said property. The appellants, who are respectively the niece and grandniece of said testator, dispute this claim and allege that the title to said property passed to the heirs of said testator of whom they are two.

The judgment rendered by the trial court having adjudicated adversely to appellants' claim of an interest in said premises is final as to them and appealable, although interlocutory as between parties adjudged to have an interest in the premises. (*Brown* v. *Feek*, 204 N. Y. 238.)

The decision of the question which of the contentions urged upon us is correct depends, *first*, upon the effect of the refusal of the beneficiary under a specific devise of said real estate to accept the same; and, *second*, upon the determination whether the residuary clause in said will was broad enough to carry the title of an interest in said property to respondent when said specific devisee refused to take under the devise to it, assuming that said refusal was sufficient to nullify the devise.

There is no dispute about the facts which give rise to the question of law now presented to us. As stated, one Lathrop was the owner of this property. He made a will which was duly admitted to probate, and left him surviving as his only heirs and next of kin a brother, the appellant Hanson and one other niece, and the appellant Rochester, a grandniece, and her brother. The will contained many specific legacies and devises, of which none were in favor of the testator's heirs except one in favor of his brother of the contents of a tin box in

a safe deposit company, and which box, it is stated, contained only family heirlooms. Amongst the devises in said will contained was one covering the property now involved and which read: " *Third.* I give, devise and bequeath to the Emmanuel Baptist Church of the City of Albany, New York, my house and premises situate on the southwest corner of Washington Avenue and Swan Streets in the City of Albany, New York, also all carpets and curtains that may be in said house at the time of my death to be used by said church as a residence for the pastor of said church and for no other purpose whatsoever. In the event of this being used for any other purpose than above specified the same shall be forfeited. I direct, however, that the above devise shall not become operative until one year from the probate of this my last will and testament, in order that my executors may not be inconvenienced in regard to removing the furniture therein contained." Said will also contained a residuary clause reading as follows: " *Ninth.* All the rest, residue and remainder of the estate of which I shall die seized I give, devise and bequeath one-third (1-3) part thereof to the Albany Hospital, one-sixth (1-6) part thereof to the Albany Guardian Society and Home for the Friendless, one-sixth (1-6) part thereof to the Home for Aged Men, one-sixth (1-6) part thereof to the Albany Orphan Asylum and one-sixth (1-6) part thereof to the Albany Orphan Asylum to be applied to the use of the ' Lathrop Memorial.' "

Before the expiration of the year from the probate of the will when said devise in behalf of the Emmanuel Baptist Church was to " become operative," a regularly called special meeting of the members and qualified voters of said congregation was held and the following resolution duly adopted:

" *Resolved :* That the Emmanuel Baptist Church of Albany, N. Y., appreciating to the full the generosity of the late Ariel Lathrop in bequeathing to it the house on

the corner of Washington Avenue and Swan Street in said City of Albany for a parsonage, feel it necessary under the conditions named in the will, to decline the bequest." A copy of this resolution and notice that the church had decided that it could not accept the gift under the will were duly served upon the executors. As found by the trial court said church "declined to accept the devise of the property * * * devised to the said Emmanuel Baptist Church of Albany, N. Y."

Under these circumstances what became of the devise to the church? While there is a presumption of acceptance in the case of a grant or devise beneficial on its face, this presumption is not conclusive, and it is settled beyond any opportunity for controversy that a devisee may refuse to accept, and renounce a provision in his favor and prevent it from being effective. (3 Washburn's Real Property [6th ed.], § 1829; *Burritt* v. *Silliman*, 13 N. Y. 93; *In re Estate of Stone*, 132 Iowa, 136, 140; *Mohn* v. *Mohn*, 148 Iowa, 288, 300.)

There seems to have been an interesting conflict of opinion as to the exact character, extent and effect of this presumption of acceptance in cases where as a matter of fact the proposed beneficiary has refused acceptance. The earlier English cases and some authorities in our own country seem to have held the view that the presumption was of immediate acceptance, and that in accordance with this presumption title forthwith vested in the beneficiary; that if subsequently the latter refused to accept or renounced the provision in his favor the title was divested and remitted, or the renunciation was regarded as relating back to the time when the devise took effect and thus rendering it void *ab initio*. (*Butler & Baker's Case*, 3 Coke R. 25; *Thompson* v. *Leach*, 2 Ventriz, 198; *Standing* v. *Bowring*, L. R. [31 Ch. Div.] 282, 286; *Tarr* v. *Robinson*, 158 Penn. St. 60, 62.)

In *Standing* v. *Bowring* (*supra*) it was said: "How-

ever this may be on general principles or by the civil law, our own law as to the necessity of assent to gifts seems settled by *Butler & Baker's* case, *Thompson* v. *Leach* in the House of Lords, and *Siggers* v. *Evans.* The older authorities were carefully examined in this last case by Lord Campbell, and I take it now to be settled, that although a donee may dissent from and thereby render null a gift to him, yet that a gift to him of property, whether real or personal, by deed, vests the property in him subject to his dissent."

In *Tarr* v. *Robinson* (*supra*) it was said that "upon the ground of implied benefit the assent of a donee will be presumed, and the title will vest *eo instanti* the gift is made, even though he be ignorant of the transaction, and will continue in him until he rejects it."

Other English cases and the weight of authority, I think, in this country is to the effect that such a devise is really an offer to the proposed beneficiary, and while the presumption is that he will accept it when he has an opportunity, there is no presumption of immediate acceptance; if acceptance does occur, the title will relate back to the time of the devise at least in the absence of intervening rights; if refusal results the devise will never take effect and title never vest.

In *Townson* v. *Tickell* (3 Barn. & Ald. 31), Bayley, J., speaking of the effect of a disclaimer, said: "It seems to me, that the effect of that is, that the estate never was in him at all. For I consider the devise to be nothing more than an offer which the devisee may accept or refuse, and if he refuses, he is in the same situation as if the offer never had been made." And Holroyd, J., in the same case said: "I think that an estate cannot be forced on a man. A devise, however, being *prima facie* for the devisee's benefit, he is supposed to assent to it, until he does some act to show his dissent. The law presumes that he will assent until the contrary be proved; when the contrary, however, is proved, it shows that he

never did assent to the devise, and, consequently, that the estate never was in him." And Best, J., said in the same case: "It seems to be contrary to common sense to say, that an estate should vest in a man not assenting to it: there must be the assent of the party, before any interest in the property can pass to him."

In the case of *Welch* v. *Sackett* (12 Wis. 243) Chief Judge Dixon discussed these questions at length, although in the case of a mortgage where rights of creditors had intervened the execution of the mortgage and notice thereof to the mortgagee. He, however, severely criticises the doctrine of *Thompson* v. *Leach* (*supra*) and says that in the case of a devisee or donee under a beneficial provision "if nothing appears to the contrary, the law presumes that he will accept that which is for his benefit, when he is informed of it, which assent, in the absence of intervening rights or equities, will have relation back to the time of delivery for his use, and make his title good as from that date. * * * It seems to me very plain that it (the title) does not pass in fact until the grantee has actually consented to receive it; and, as of course, that it remains with the grantor, who is unable, without such consent, to vest it in the grantee. * * * It is far more compatible with common law and common sense, to say that its operation is suspended until the happening of the event indispensable in the law to its validity, namely, an acceptance by the grantee, than to make the law perform the wonderful exploits of vesting and recalling the title contrary to its best settled and soundest principles."

In *Burritt* v. *Silliman* (13 N. Y. 93, 96) it was written: "It seems clear that the law does not compel a man to accept an estate, either beneficial or in trust, against his will, while it may reasonably presume, in the absence of evidence, that an estate has been accepted, especially where it is beneficial in its character. But when it turns out that the estate has not been accepted, it remains in

the original owner, precisely as if the conveyance had not been executed.   It has failed to be effectual to convey the estate, and is, by the disagreement of the party, rendered null."

In *Dunning* v. *Ocean National Bank* (6 Lans. 296, 298), where it was insisted that the title to an estate vested in the executor, although he had renounced, it was said: " But he renounced and refused to accept the trust, also, and the estate never vested in him.   He could not be compelled to take the title against his will."

In *Defreese* v. *Lake* (109 Mich. 415, 421) it is said: "If it be admitted that the law will presume an acceptance, it is not a conclusive presumption, and, when it is shown to have been renounced, it is shown that the title did not vest, and apparently there would be no occasion for divesting a title that had not vested." (See, also, *Matter of Stone, supra; Mohn* v. *Mohn, supra; Darlington* v. *Darlington,* 160 Penn. St. 65; *Jackson's Appeal,* 126 Penn. St. 105; *Goss* v. *Singleton,* 39 Tenn. 67; *Mallott* v. *Wilson,* L. R. [1903] 2 Ch. 494.)

In the case at bar where there are no rights or new considerations intervening the probate of the will and the refusal of acceptance by the devisee, it is immaterial for practical purposes which one of the various theories above reviewed shall be adopted.   Assuming that the refusal by the church was sufficient and effective it makes no difference so far as I can see whether it be regarded that the title under the devise immediately vested in the Emmanuel Baptist Church and was divested and destroyed *ab initio* on renunciation, or whether it be thought that title never vested in the church in view of its refusal.

This brings us to the inquiry whether the acts performed by the church were effective as a refusal to accept the devise in its favor.   The evidence of its acts in that respect already set forth was received without any objection sufficient to raise any question.   The find-

ings of such refusal have been unanimously affirmed. Even if we should construe the latter as setting forth the evidence upon which they are based so as to present the question of its sufficiency, I think that it should be held that it was sufficient to establish a refusal.

At times it has been debated whether it was not necessary to effect such a refusal or renunciation that it should be by deed or a matter of record (*Townson* v. *Tickell, supra*), but I do not think that the authorities sustain the affirmative of this proposition.

In Hill on Trustees (4th American edition, page 346) it is stated: "As a gift is not perfect in law until ratified by the assent of the donee, and a disclaimer operates merely as evidence that such assent was never given, and that the estate consequently never vested in the donee, it would seem to follow that a simple expression of dissent by the donee, though it be only by a parol declaration, would be sufficient to avoid the gift." (See, also, Perry on Trusts, Vol. 1 [6th ed.], section 270.)

In *Tarr* v. *Robinson* (158 Penn. St. 60, 63) it is said: "Hence the burden of proof is on those who allege refusal to accept. As between * * * the devisee * * * and the residuary devisees, this burden would have been sustained by a simple verbal disclaimer, consistent of course with his other conduct."

In *Defreese* v. *Lake* (*supra*) it is in effect held that renunciation may be established by proof of acts inconsistent with acceptance.

Kent in his Commentaries (4 Kent's Com. p. 533) lays down the rule: "The disclaimer and renunciation must be by some unequivocal act; and it is left undecided whether a verbal disclaimer will be sufficient. * * * Some judges have held that it may be by a verbal renunciation. Perhaps, the case will be governed by circumstances."

In *Burritt* v. *Silliman* (*supra*), it was written in the case of a refusal of a devisee in trust of real estate "that

a disclaimer does not operate as a conveyance; and there is, therefore, no necessity that it should be executed with those forms which are necessary to pass an estate in land." (p. 98.) And it was held that a disclaimer distinct in form and acknowledged so as to be capable of being read in evidence without further proof was in form sufficiently solemn to be effective for the purpose it was intended to answer.

Then the only remaining question is whether as the result of the refusal of the church to accept the devise in its favor, the real estate covered thereby became a part of the residuary estate and passed under the general residuary clause to respondent and the other beneficiaries therein named. It seems clear that such was the result.

Contrary to what prevailed at common law the rule in this state now is as the result of statutory enactment that a will of real estate speaks as of the time of the testator's death and that the application of the residuary clause of a will to lapsed devises is governed by the same principles as in the case of lapsed legacies. (*Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337, 353; *Moffett* v. *Elmendorf*, 152 N. Y. 475, 485.)

As the result of the rejection by the Emmanuel Baptist Church of the devise in its favor that devise lapsed, either becoming by relation back void *ab initio* or never taking effect at all according to the theory adopted in the case of a rejected devise. Unless, therefore, it is covered by the residuary clause the testator has died intestate as to this real estate. It is a familiar principle that partial intestacy is to be avoided when possible and that a residuary clause of general terms ordinarily will be construed as covering lapsed or invalid legacies and devises and is not to be restricted to property not covered by specific provisions unless such intent on the part of the testator is clearly to be drawn from the remainder of the will. (*Langley* v. *Westchester Trust Company*, 180 N. Y. 326.)

I find nothing to indicate an intent on the part of the testator in this case that any but the general rule should apply to his residuary clause. In fact it seems clear that the result which will be accomplished by the application of that rule is precisely what the testator would desire and that any other result, as that this property through intestacy should pass to his heirs, would work an obvious disappointment of his plans. Two intentions of the testator are made perfectly obvious by his will as an entirety. The first one is that no substantial part of his estate should go to his heirs. None of them are mentioned with the exception of his brother, who received a box said to have contained some family heirlooms, which with propriety could scarcely go anywhere else than to a member of the family. The other equally plain intention is that the bulk of his estate should go to charitable or religious purposes, and that any residuum remaining after specific provisions should go to the former.

Under these circumstances there seems to be every reason for holding that the property covered by the lapsed devise passed under the residuary clause in accordance with the common rule as stated by Judge GRAY in *Riker* v. *Cornwell* (113 N. Y. 115, 124), where he wrote: "A general residuary clause includes in its gift any property or interest in the will which, for any reason, eventually falls into the general residue. It will include legacies which were originally void, either because the disposition was illegal, or because, for any other reason, it was impossible that it should take effect; and it includes such legacies as may lapse by events subsequent to the making of the will. It operates to transfer to the residuary legatee such portion of his property as the testator has not perfectly disposed of. No one supposes that he has failed in his intention to dispose of all of his property by his will, and courts should endeavor to make out such an intention and to uphold the testamentary plan, so that the

testator may not, as to some of his estate, have died intestate." (See, also, *Langley* v. *Westchester Trust Co.,* *supra; Moffett* v. *Elmendorf, supra.*)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Judgment affirmed.