## CITY OF CINCINNATI, OHIO, in the matter of the application for the exemption from taxation of certain parcels of land.

Board of Tax Appeals

No. 8912.   Decided Jan. 26, 1945

Nathan Solinger, Assistant City Solicitor, Cincinnati, for the City of Cincinnati.

Augustus Beall, Jr., Solicitor of the Village of Amberly for the Village of Amberly.

Edward Strasser, Assistant County Prosecutor, Cincinnati, for the County Auditor, Hamilton County.

This cause and matter came on to be heard by the Board of Tax Appeals upon an application filed herein by the City of Cincinnati under date of September 2, 1944, for the consent of the Board to the exemption from taxation of certain parcels of real property in Amberly Village Taxing District, Hamilton County, Ohio, which parcels of land aggregate in amount 274.59 acres and which comprise what is known as the Herbert G. French Reachmont Farm. This application for tax exemption is accompanied by an application filed herein by said city under date of September 2, 1944, for the remission of the taxes and penalties on said parcels of land for the tax year 1943.

This application for tax exemption was heard upon said application and upon evidence offered and introduced by and on behalf of the applicant at a hearing of this cause and matter before one of the members of the Board, a transcript of which evidence has been considered by all of the members of the Board. This application for tax exemption was filed with the Board of Tax Appeals in the year 1944; and the consideration of the Board of this application is limited to that year. **Pfeiffer v Jenkins, 141 Oh St 66; Toledo v Jenkins, 143 Oh St 141.** As to this the Board of Tax Appeals finds that the City of Cincinnati, Ohio, acquired this property by devise under the last will and testament of one Herbert G. French, who died June 25, 1942. By Item 9 of said last will and testament this property was devised to the City of Cincinnati as a park to be maintained by said city on condition that the city accept such devise or bequest for this purpose within twelve months after the decease of said testator. This devise was accepted by the City of Cincinnati in accordance with the terms thereof by an ordinance of the council of said city duly enacted under date of May 10, 1943. Thereafter

on May 13, 1943, the Board of Park Commissioners of the City of Cincinnati by resolution duly adopted, incorporated this property as a part of the park system of the City of Cincinnati.

When the City of Cincinnati accepted the devise of the property here in question, as the same was made in and by the last will and testament of Herbert G. French, this acceptance related back to the time of the death of the testator. See Ohio National Bank of Columbus v Miller, 57 N. E. (2d) 717, 719; Albany Hospital v Hanson, 214 N. Y. 435, 108 N. E. 812, 814. And in this view it may be said on consideration of the application for the exemption of this property from taxation, that the title of City of Cincinnati in and to such property became vested in it on and as of June 25, 1942, the date of the testator's death. In any view as to this question, however, it appears that in and during the year 1944 and on and prior to tax lien date in said year, the City of Cincinnati owned this property and used the same exclusively for a public purpose, to wit, as a public park; and under the provisions of §5351 GC, this property was and is entitled to exemption from taxation for said year. And this is true notwithstanding the fact that this property is located in another taxing district. See Collector of Taxes v City of Boston (Mass.), 180 N. E. 116, 81 A. L. R. 1515.

However, the jurisdiction and authority of the Board of Tax Appeals to consent to the exemption of this property from taxation for the tax year 1944, as requested in and by this application, is limited not only by the provisions of §5351 GC, above referred to, but by the provisions of §§ 5570-1 and 5616 GC, as well. And under the provisions of section 5570-1, General Code, the Board of Tax Appeals has no authority to consent to the exemption of this property from taxation for the tax year 1944 and to thereby permit the county auditor to remove the property from the tax list and duplicate to the tax exempt list of the county unless the taxes and penalties on the property for the tax year 1943 are paid or unless the Board of Tax Appeals may remit such taxes and penalties on the city's application therefor, above referred to. See The Ursuline Academy of Cleveland v Board of Tax Appeals, 141 Oh St 559. As to this it appears that the taxes on this property have been paid in full up to and including the tax year 1942; but that the taxes and penalties which have been extended against this property for the tax year 1943 have not been paid. Obviously, the Board of Tax Appeals may not remit the taxes and penalties for the year 1943, which have been extended against the property, unless under

the provisions of §5351 GC, and on the applicable facts of this case it can be said that this property was entitled to exemption from taxation for the tax year 1943. This property was not entitled to exemption from taxation for the tax year 1943 unless it appears that this property was not only owned by the city of Cincinnati in and during said year, but was likewise used by the city exclusively for public park purposes in and during the year 1943 and on and prior to tax lien date in said year. See **Columbus Metropolitan Housing Authority v Thatcher, Aud., 140 Oh St 38;** Meyers v Akins, Aud., 8 C. C. 228, 4 C. D. 425, 429. As to this it may be observed that although the action of the City of Cincinnati by its council in accepting the device to it of the property here in question, related back to the death of the testator and vested the title to the property in the city as of said date, the use of this property for park purposes did not relate back to the death of the testator or to any other date prior to the time when, pursuant to the action of the Board of Park Commissioners of the City of Cincinnati, this property was first used as a public park and as part of the public park system of the city. Under the law and the facts of this case the Board of Tax Appeals is unable to find that this property was used exclusively for public park purposes prior to the time when the Board of Park Commissioners by resolution took this property over as one of the public parks of the city. And inasmuch as on this view this property was not being used exclusively for public purposes on and prior to tax lien date in the year 1943 so as to entitle the property to exemption from taxation for said year, the taxes on this property for the whole of said tax year became a lien thereon on and as of said tax lien date; and the City of Cincinnati by its action in accepting this property, acquired the same subject to such tax lien. §5671 GC; Meyers v Akins, Aud., supra; United States v Alabama, 313 U. S. 274, 85 L. Ed. 1327.

It follows on the considerations above noted that the Board of Tax Appeals is without jurisdiction and authority to consent to the exemption of this property from taxation for the tax year 1944; and this application for tax exemption is accordingly hereby dismissed. It is by the Board further considered and ordered, however, that this order and entry dismissing said application for tax exemption is without prejudice to the right of said city to file an application for the consent of this Board to the exemption of this property from taxation for the tax year 1945, provided that such application is

accompanied by an application for the remission of the taxes on this property for the tax year 1944 and by a certificate of the county treasurer showing the payment of taxes and penalties on this property for the tax year 1943.

BOARD OF TAX APPEALS.