B. F. Norris, of New York City, for appellant.
Maurice Deiches, of New York City, for respondents.

(155 App. Div. 228.)

### In re MERRITT'S ESTATE.

·(Supreme Court, Appellate Division, First Department. February 7, 1913.)

.1. TAXATION (§ 886½*)—INHERITANCE TAX—RATE OF TAXATION—"WIFE"—"WIDOW."

A bequest by a testatrix to her son's wife, who before the death of testatrix obtained an absolute divorce from the son, was not a bequest to either the "wife" or the "widow" of the son, within Tax Law (Consol. Laws 1909, c. 60) § 221, providing a tax of only 1 per cent. on property passing by a will to the wife or widow of a son.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*

For other definitions, see Words and Phrases, vol. 8, pp. 7456–7460.]

2. TAXATION (§ 886½*)—INHERITANCE TAX—RATE OF TAXATION.

A testatrix directed her executors to set apart a sum sufficient to buy 5 per cent. railroad bonds amounting to $60,000 and apply the income to the use of her son's divorced wife. She had previous to her death agreed in writing to pay the son's wife $2,800 a year for life or until remarriage. After her death suit was brought by the wife, who claimed to be entitled to the sum provided in the contract, as well as the income of the fund established by the will, but was settled by an agreement that she should receive the amount provided by the contract and $1,000 a year, and should renounce her claim to any greater amount. The executors claim that the provision of the will for her benefit is void. *Held*, that the settlement agreement recognized the provision of the will as valid to the extent necessary to produce an annuity of $1,000 a year, and to that extent the fund directed to be provided for her benefit did not pass into the residuary estate, which was assessable only at the rate of 1 per cent. and hence was assessable at the rate of 5 per cent.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

.3. TAXATION (§ 886½*)—INHERITANCE TAX—RATE OF TAXATION.

Where a legatee renounces a legacy in whole or in part, the part renounced is taxable as if originally given by the will to those who then take it, and not at the rate applicable to a legacy to the original legatee.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

Appeal from Order of Surrogate, New York County.

Proceeding for the assessment of the transfer tax on the ·estate ·of Julia Merritt, deceased. From an order of the surrogate, affirming .an order of the appraiser determining the cash value of certain prop-

erty of the decedent and assessing a tax thereon, the executors and trustees under the will of deceased appeal. Modified. .

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Omri F. Hibbard, of New York City, for appellants.

Moses R. Ryttenberg, of New York City, for respondent State Comptroller.

LAUGHLIN, J. The decedent left a last will and testament which purports to have been executed on the 29th day of May, 1901, and two codicils thereto, in which it is recited that they were executed on the same day that the will bears date. She died on the 4th day of November, 1904. Prior to her death, but whether prior to the execution of the will does not appear, her son, George W. Merritt, who survived his mother, but has since died, had married, and his wife had obtained a decree of absolute divorce from him in this state.

By her will the testatrix directed her executors to divide her residuary estate into eight equal parts, and directed that they should invest two of said parts and apply the net income arising therefrom to the use of her son George W. Merritt during life, with the remainder over to, his issue, or to her other children or their issue, with a proviso that out of such income the executors should pay to Augusta Temple Merritt, who was or had been the wife of said George W. Merritt, an annuity or yearly income of $3,000, payable in equal quarterly payments, to be computed from the day of the death of the testatrix during the life of said Augusta Temple Merritt, "or so long as she shall remain unmarried," and said annuity was expressly charged upon that portion of the estate held in trust for said son of the testatrix.

By the first codicil she revoked the provision charging the annuity of $3,000 against the income given to her son, and substituted therefor a provision directing her executors to set apart from her estate a sum sufficient to buy, and she authorized them "to buy, $60,000 5% railroad bonds and collect the income and interest thereof and apply the same to the use of Augusta Temple Merritt for her life only, or so long as she shall remain unmarried." No change was made by the second codicil affecting these provisions. It was shown by the affidavit of one of the sons of the testatrix that prior to the execution of the will the testatrix had entered into an agreement in writing with said Augusta Temple Merritt wherein and whereby the testatrix agreed to pay the said Augusta Temple Merritt the sum of $2,800 per annum for life or until remarriage; that after the death of the testatrix said Augusta Temple Merritt sued the estate, claiming both the annuity under said agreement and under the will; that this litigation was settled on the 23d day of May, 1907, and that by the settlement agreement "said Augusta Temple Merritt was to receive the amount of twenty-eight hundred ($2,800) dollars per year as in said contract provided, but in regard to her claim to the entire income of the fund of sixty thousand ($60,000) dollars so established" by the will "she accepted the sum of one thousand ($1,000) dollars per annum, and waived and renounced all claim to any greater amount," and that the

settlement on those terms was made in good faith, and as the result of the contention by said Augusta Temple Merritt that she was entitled to both annuities, which was contested by the executors. The present value of the life use of the trust fund of $60,000 given to said Augusta Temple Merritt by the will was determined to be the sum of $38,500, and a tax upon that amount was assessed at the rate of 5 per cent.

[1] The appellants contend that a tax of only 1 per cent. should have been imposed upon the fund. One theory upon which this contention is made is that Augusta Temple Merritt was the "wife or widow of a son" of the testatrix, within the fair intent of the statute. Section 221, Tax Law (Consol. Laws 1909, c. 60). Undoubtedly the annuity was given on account of the fact that the beneficiary was then or had been the wife of the son of the testatrix; but, having obtained a divorce from him she was no longer his wife, and, and, he being alive at the time of the death of the testatrix when the will took effect, she was not a widow, and while her inchoate interest in any real estate owned by him at the time she obtained the divorce was preserved (Code of Civil Procedure, § 1759) she would not participate as a widow in the distribution of his personal property should he die intestate. Price v. Price, 124 N. Y. 589, 27 N. E. 383, 12 L. R. A. 359; Matter of Estate of Ensign, 103 N. Y. 284, 8 N. E. 544, 57 Am. Rep. 717; Van Cleaf v. Burns et al., 118 N. Y. 549, 23 N. E. 881, 16 Am. St. Rep. 782; Livingston v. Livingston, 173 N. Y. 377, 381, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600.

[2] It is further contended that Augusta Temple Merritt takes under the agreement made in settlement of the litigation, and not under the will, and that, therefore, the fund which the executors were directed to invest for her benefit passed into the residuary estate, which concededly was assessable only at the rate of 1 per cent. This claim is based upon the fact that the executors contended that the provision of the will for the benefit of Augusta Temple Merritt was void. The theory upon which that claim was made is not disclosed; but it is not material, because by the settlement agreement the validity of the provision made by the testatrix in the will for the benefit of Augusta Temple Merritt was recognized to the extent necessary to produce an annuity of $1,000 a year for her, and by the very terms of the agreement, as shown by the affidavit, to that extent she takes under the will.

[3] The executors further contended that it was error to impose the tax upon the theory that Augusta Temple Merritt took under the will the income from the entire fund of $60,000, when it appears without controversy that before receiving any income under the will she formally renounced her claim to the extent of two-thirds thereof. Of course, if those interested in the residuary estate took the two-thirds interest renounced by Augusta Temple Merritt through her, and not from the testatrix, then it would all be taxable as if taken by her and not relinquished to them (Matter of Cook, 187 N. Y. 253, 79 N. E. 991; People ex rel. Andrews v. Cameron, 140 App. Div. 76, 124 N. Y. Supp. 949, affirmed 200 N. Y. 585, 94 N. E. 1097); but it has been authoritatively decided that a legatee may renounce a legacy, and it is

then taxable, not as if taken by such legatee, but as if originally given by the will to those who then take it (In re Wolfe's Estate, 89 App. Div. 349, 85 N. Y. Supp. 949, affirmed 179 N. Y. 599, 72 N. E. 1152).

If a legatee may renounce a legacy in its entirety, I see no reason why it cannot be renounced in part. There apparently was some basis for a contest, and the good faith of the annuitant in renouncing the annuity in part is not questioned, and is established by the fact that the compromise agreement has been fully executed. See Re Wormser, 51 App. Div. 441, 64 N. Y. Supp. 897. It would seem, therefore, that a tax at the rate of 5 per cent. should have been imposed upon only one-third of the value of the life interest in the fund of $60,000, as such value was determined. Moreover, by virtue of the provisions of section 224 of the Tax Law, the transfer tax is a lien upon the bequest upon which it is imposed, and the effect of taxing this entire amount, instead of one-third thereof, would be to compel Augusta Temple Merritt to pay the same; whereas it has been held that, where a legatee does not accept a legacy in full, the transfer tax may only be collected on that part which the legatee accepts. Matter of Bushnell, 73 App. Div. 325, 77 N. Y. Supp. 4, affirmed 172 N. Y. 649, 65 N. E. 1115.

The other points presented by the appellants have been examined, and we find them without merit.

It follows that the order should be modified, by reducing the tax on the fund of $38,350 to 1 per cent. on two-thirds thereof and 5 per cent. on the remaining one-third, and, as thus modified, affirmed, without costs. All concur.