EMILIE VOGT, Plaintiff, *v.* MARY L. LONGFELLOW, Defendant.

Supreme Court, Monroe Special Term, June 18, 1924.

Vendor and purchaser — contract to exchange real property — action for specific performance — plaintiff's counter proposition amounted to rejection of defendant's prior counter proposition and plaintiff's subsequent acceptance was of no effect — complaint dismissed.

In an action for the specific performance of an alleged contract to exchange real property the complaint should be dismissed where it appears that an offer by the plaintiff to exchange property was made and accepted within the time limit but previously thereto the defendant had made a counter proposition modifying the terms of the original offer which was rejected by the plaintiff.

ACTION for specific performance of contract for exchange of land.

*Shedd, Morse, Pierson & Wynkoop,* for the plaintiff.

*David N. Salisbury,* for the defendant.

RODENBECK, J. This case turns upon the effect of the acceptance of an offer to exchange real property. The plaintiff made an offer in writing October 30, 1923, to exchange certain real property with the defendant, good until November 6, 1923, at six P. M. Defendant, on November 3, 1923, printed on the back of the offer a rejection of the same and a counter offer, good until November 6, 1923, at six P. M. The plaintiff instead of accepting this counter-offer, made a copy of her original offer and the defendant's counter-offer, changing the terms of the latter in one respect, signed the same and on November 5, 1923, sent it through the real estate agent handling the matter to the defendant, who rejected it, and then the plaintiff, before the expiration of the time limit, November 6, 1923, at six P. M., accepted in writing the defendant's counter offer of November third and delivered it to the real estate agent who claims to have delivered it to the other party before the time limit expired. Thereafter the defendant made a contract with a third party and the plaintiff seeks to compel the defendant to specifically perform the alleged contract which she claims resulted from her acceptance, November sixth, of defendant's offer of November third.

The plaintiff is in error in assuming that her acceptance of November fifth of defendant's counter offer of November third constituted a contract. The paper which the plaintiff sent to the defendant to sign, November fifth, must be construed as a counter proposition of the plaintiff. It was not a mere invitation to the defendant to change her counter offer, or a request to do so, but constituted in

effect a counter offer of the plaintiff which would have matured into a contract and become a finality had the defendant signed it. A mere invitation of the plaintiff to the defendant to modify her counter offer would not have had the effect of a counter proposition, but the paper which the plaintiff sent to the defendant through the real estate agent cannot be construed as such an invitation. It was more than a request to the defendant to modify her counter offer, since the plaintiff signed the paper, and had the defendant also signed it, the offer of November fifth would have created a contract between the parties. Under such circumstances the paper can hardly be called an invitation or a mere request to modify an offer which required further action by the plaintiff. If the paper is to be construed as a counter offer by the plaintiff, the effect of it was to reject the counter offer made by the defendant November third and to debar the plaintiff from subsequently accepting such counter offer of defendant. When the plaintiff sent her counter offer November fifth to the defendant, the defendant had the right to assume that the counter offer of November third was not satisfactory to the plaintiff and that plaintiff wished to renew negotiations, and when the defendant rejected the plaintiff's counter offer, the defendant had the right to assume that the negotiations were at an end.

There are abundant authorities to the effect that a counter offer amounts to a rejection of an offer, but in nearly all of the cases there was no time limit set for acceptance. In such cases the acceptance must be made within a reasonable time, depending upon the circumstances, and when a counter offer is made, it amounts to a rejection and thereafter an acceptance is of no avail. There is no reason why the same rule should not apply to a case where a time limit is prescribed by an offer. There is no distinction to be drawn where the offer must be accepted within a reasonable time and where it must be accepted within a definitely stated time. In either case the offeree cannot make a counter offer without destroying his right thereafter to accept, unconditionally, the original offer. The counter offer conveys the impression that the offer is not satisfactory and that the offeree desires to open negotiations on a counter proposition. There is nothing to prevent the offeree from making inquiries or requests, but when he goes beyond inquiry and request and makes a modified offer, which if accepted constitutes a contract, he has shut the door to a subsequent acceptance of the original offer. *Minneapolis, etc., Ry.* v. *Columbus Rolling Mill,* 119 U. S. 149; 13 C. J. 296, § 110; *Ortman* v. *Weaver,* 11 Fed. Rep. 358; *Shaw* v. *Ingram-Day Lumber Co.,* 152 Ky. 329; L. R. A. 1915D, p. 145.

The plaintiff's counter offer of November 5, 1923, therefore,

amounted to a rejection of the defendant's counter proposition of November third, and the plaintiff's acceptance of November 6, 1923, was of no effect, and the complaint should be dismissed.

Ordered accordingly.