In the Matter of the Estate of THOMAS F. DELANEY, Deceased.

Surrogate's Court, Kings County, February 18, 1936.

*Emily C. Holt*, for the executors, Thomas F. Delaney, Jr., and Lillian M. Gundlack.

*Luke O'Reilly*, for the objectants, Mary N. Black and Lulu Black.

*Martin E. Halpin*, for Mary T. Delaney, legatee.

WINGATE, S. At the time of his death the decedent was the owner of premises 104 Hancock street, Brooklyn. This property had devolved to him under the will of his wife and at the time of its receipt by him was subject to a mortgage under which the objectants are the mortgagees. This is still a lien thereon. The decedent was not a party to the mortgage and was not obligated on the bond.

Under the residuary clause of his will this property is devised to his four children. Prior to the qualification of the executors, the mortgagees filed a *lis pendens* against the property as a preliminary to foreclosure. In this proceeding decedent's widow and four children were named as the sole parties defendant. No further proceedings have been had therein, and the executors have not been joined as defendants, nor have the mortgagees filed any claim against this estate.

The account recites that the property is in such dilapidated condition that its ownership would be a liability rather than an asset, wherefore the residuary legatees have requested that the executors make no payment on account thereof and have in effect abandoned this portion of their residuary gift. The executors have acceded to their wishes.

The mortgagees have filed objections to the account challenging the right of the executors to pursue this course, and the present application seeks a dismissal of these objections.

Whereas the identity of the persons who are authorized to file objections to an account of executors is nowhere expressly specified in the Surrogate's Court Act, it is obvious that only such are included as are interested in the distribution of the particular estate or fund. The several classes in this regard are enumerated

in section 259 of the act, and, in an accounting by an executor or administrator, consist merely of (1) "a creditor or person interested in the estate or fund," and (2) "a child born after the making of the will, when interested in the estate." The phrase "persons interested," as used in the act, is defined as connoting those "entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor." (Surr. Ct. Act, § 314, subd. 10.)

Since the objectants are not within this enumeration, and are not creditors for the reason that the decedent was not liable on their bond, they are not proper parties to this proceeding and are, therefore, incapable of raising any issue therein.

They originally possessed two remedies. The first, to pursue the mortgaged property, is still open to them. The second was to prove a contingent claim under section 207 of the Surrogate's Court Act against the estate of the obligor on the bond. (*Matter of Weissman,* 140 Misc. 360, 362.) Whether or not this latter remedy is now barred by laches or otherwise is not a present issue and is not determined. It is, however, entirely clear that this right may not be metamorphosed into a claim against the estate of one who was not a privy to their obligation.

The objectants make the flat statement that the executors possess no authority to abandon worthless assets. Even were this the law, which it is not (*O'Conner* v. *Gifford,* 117 N. Y. 275, 278; *Matter of Thomson,* 14 N. Y. St. Repr. 615, 616; reported by memo. only, 47 Hun, 636; *Matter of Dunn,* 8 N. Y. St. Repr. 766, 771; *Smith* v. *Collamer,* 2 Dem. 147, 152; *Matter of Weissman,* 140 Misc. 360, 363; *Matter of Levine,* 158 id. 116), that is not the question presented in this case. The abandonment has been made by the devisees to whom the property devolved by the terms of the will. That the owner of property may do what he likes with his own so long as he violates no legal obligation to another is primary.

The motion for a dismissal of the objections is accordingly granted.

Enter order on notice.