In the Matter of the Estate of JOHN H. JOHNSTON, Deceased. (No. 2.)*

Surrogate's Court, Kings County, September 28, 1937.

* See *Matter of Johnston, No. 1* (164 Misc. 412).

*Jack G. Lieberman,* for the petitioner Harriet Bloomfield, residuary legatee named in the will.

*Lieberman & Garafola,* for the objectants Edward H. Johnston, Martina M. Peters and Irene M. Mareno, three of the children of decedent.

WINGATE, S. The present petition presents an interesting, and, so far as the research of the court has been able to disclose, a wholly novel question.

Under the will of this decedent, he bequeathed legacies of five dollars each to his children and left the entire residue of his estate to his sister, the present petitioner. Allegations of fraud and undue influence were made against her by certain of these children, and, if the statements of the answer in a companion proceeding herein incorporated by reference, are to be believed, a probate contest was threatened and was adjusted on the basis, among other stipulations, that this sister should renounce the testamentary gift to her, with the result that the estate would be distributed to the children, substantially as in intestacy.

In any event, the will was ultimately admitted to probate without opposition and the sister thereafter duly made and filed an affidavit renouncing her interest under the will. In her present petition she seeks permission to withdraw such renunciation and, in effect, to take the entire estate. Whether or not she should be permitted to do so, either with or in the absence of proof of the making of the agreement alleged, is the question presented for decision.

In the absence of direct authority, it becomes of importance to examine the nature of a testamentary gift and the effect upon it which is produced by the refusal to accept, which the renunciation constitutes.

The most illuminating exposition in respect to the general subject of acceptance and renunciation of testamentary gifts is found in the opinion of Judge HISCOCK, writing for the unanimous court in *Albany Hospital* v. *Albany Guardian Society* (214 N. Y. 435). It is therein observed (at p. 441): " The weight of authority * * * in this country is to the effect that such a devise is really an offer to the proposed beneficiary, and while the presumption is that he will accept it when he has an opportunity, there is no presumption of immediate acceptance; if acceptance does occur, the title will relate back to the time of the devise at least in the absence of intervening rights; if refusal results the devise will never take effect and title never vest."

This conception of a testamentary gift as an offer of a potential benefit is found in all of the few cases which have dealt with the subject. Thus it is said in *Burritt* v. *Silliman* (13 N. Y. 93, 96): " The law does not compel a man to accept an estate, either beneficial or in trust, against his will, while it may reasonably presume, in the absence of evidence, that an estate has been accepted, especially where it is beneficial in its character. But when it turns out that the estate has not been accepted, it remains in the original owner, precisely as if the conveyance had not been executed. It has failed to be effectual to convey the estate, and is, by the disagreement of the party, rendered null."

Similar statements applying identical principles may be found in *Matter of Merritt* (155 App. Div. 228, 232); *Matter of Wolfe* (89 id. 349, 354); *Haebler* v. *Eichler Brewing Co.* (42 id. 95, 100); *Dunning* v. *Ocean National Bank* (6 Lans. 296, 298); *Matter of Mahlstedt* (140 Misc. 245, 253; modfd. on other grounds, 234 App. Div. 891); *Matter of Meyer* (137 Misc. 730, 732), and *Matter of Irvin* (Id. 666, 668).

The conception is somewhat advanced by Judge VANN in *Matter of Lansing* (182 N. Y. 238, 245), in which the question concerned the renunciation of a bequest directed pursuant to a power of appointment. He observes: " His consent is necessary before the attempt to exercise the power becomes binding upon him the same as consent is necessary in making a contract or agreement. Declining or refusing to take has the same effect as incapacity to take, as in the case of a devise to a corporation which has no power to hold any more property because the statutory limit has been exceeded. The title is not affected, but remains where it was before."

The theory that the insertion in the will of the proposed gift " is really an offer " which " the disagreement of the party rendered null " and that to accomplish a vesting of rights in the legatee or devisee his consent is essential " the same as consent is necessary in making a contract or agreement " inevitably suggests the thought that what the learned judges of the Court of Appeals had in mind in this connection was something in the nature of a contractual relationship between the testator and the intended beneficiary. If the analogy to the situation of parties seeking to negotiate a contract is to be accepted, the *prima facie* result of a rejection of the proffered gift would be to terminate all possibility of retraction and subsequent taking by a legatee who has refused to accept the gift, since it is primary that in the case of ordinary contracts the rejection of an offer permanently terminates it with the result that subsequent acceptance is impossible. (Williston Contracts,

§ 51; *Westwitt Realty Corp.* v. *Burger*, 212 App. Div. 622, 626; *Vogt* v. *Longfellow*, 123 Misc. 498, 499; *Hough* v. *Brown*, 19 N. Y. 111, 115; *Wittwer* v. *Hurwitz*, 216 id. 259, 264; *Frith* v. *Lawrence*, 1 Paige, 434, 441; revd. on other grounds, 6 Wend. 103.)

It seems probable that the reason underlying this rule is to be found in the effectuation of the usual intent of parties negotiating in respect to commercial transactions, who desire the consummation of given arrangements which, if impossible of effectuation with one, may be accomplished with another. If, therefore, the first rejects the proposal made, it will be the customary practice of the offerer to enter into negotiations with another. Were the first offeree permitted *locus pœnitentiæ* to reconsider his rejection, embarrassment might result by a retraction of the rejection and acceptance of the offer after the matter had been taken up with another. If this reasoning be sound, the basis for the rule is essentially one of estoppel, and it has hardened into a rule of substantive law merely because of the fact that actual change of position by the offerer will result in the vastly preponderant number of cases.

The situation in respect to renunciation of a testamentary gift is, however, wholly different. The offer of the legacy is in reality a continuing one and since its accomplishment constitutes a part of the testamentary wish, the effectuation of which is a primary purpose of the courts (*Matter of Draske*, 160 Misc. 587, 593, and authorities cited), they should go to considerable lengths to achieve this end.

In this connection, three persons or sets of persons are potentially affected, namely, the testator whose continuous desire to have the gift validated cannot be controverted; the designated beneficiary himself, whose wish upon the rescission of the renunciation is identical with that of the testator; and third parties whose beneficial interests in the estate will be augmented or diminished depending on whether the designated legatee is held entitled to receive the proffered gift or not.

As between the testator and the legatee there can be no question but that a permission to rescind the renunciation would be most consonant with the intentions and desires of the parties.

The sole question, therefore, is between the legatee and third parties and involves a determination as to whether or not the reversal of attitude by the renouncing legatee will, if effectuated, affect adversely any legal or equitable right of any other person. If such be the result, the action should be prevented, either on grounds of estoppel or otherwise, depending on the facts of the particular case.

In the present instance it is asserted that such action would be in violation of an express contract in reliance upon which the

will was admitted to probate with the result that the position of the objectors has suffered material alteration and impairment. If this be the fact, permission for revocation of the renunciation should be denied. Whether or not it is actually so, is a triable issue which cannot be determined in the absence of a hearing, for which purpose the matter may be set down by either party on usual notice to the others.

Procced in conformity herewith.