## HART v. MUMFORD.
### No. 4283.

District Court, M. D. Pennsylvania.
April 24, 1939.

Leon M. Levy, of Scranton, Pa., for plaintiff.

Rutherford & Rutherford, of Honesdale, Pa., for defendant.

WATSON, District Judge.

This is a suit by the Receiver of the Union National Bank of Scranton, Pa., against Margaret S. Mumford to recover an assessment levied upon ten shares of stock in the Union National Bank of Scranton, Pa., alleged to be owned by Margaret S. Mumford, the Defendant. The case was tried before the Court without a jury.

Most of the facts were admitted and the testimony in the case is uncontradicted.

The following facts are found:

The plaintiff is the Receiver of the Union National Bank of Scranton, Pa., a banking association incorporated under the banking laws of the United States of America. The said Union National Bank is now insolvent and was insolvent at and after March 15, 1933, at and prior to the date of the Plaintiff's appointment as Receiver. The said Plaintiff was appointed Receiver of the said bank by J. F. T. O'Connor, Comptroller of the Currency of the United States of America on February 21, 1934. Since the said February 21, 1934, the Plaintiff has acted and is now acting and functioning as the duly appointed qualified and acting Receiver of the said Union National Bank.

On the 27th day of November, A. D. 1936, J. F. T. O'Connor, Comptroller of the Currency of the United States of America, made an order for an assessment upon the capital stock of the said Union National Bank, as provided for and authorized by law, the assessment so made being for one hundred per cent. of the capital stock of the said Union National Bank.

During the lifetime and at the time of his death on February 3, 1933, E. C. Mumford, of the town of Honesdale, Wayne County, Pennsylvania, was the owner of ten shares of stock in the Union National Bank of Scranton, Pa.

The said E. C. Mumford died February 3, 1933.

The will of the said E. C. Mumford was probated in the office of the Register of Wills in and for the County of Wayne, in the State of Pennsylvania, on February 7, 1933.

In the said will as probated the following provision and bequest were made, inter alia: "To Margaret S. Mumford all the remainder of cash on hand or in the Honesdale Dime Bank with all notes and securities; also Union National Bank stock of Scranton, Pa. (ten shares)."

Margaret S. Mumford was named in the said Will as executrix of the said estate with James Mumford as executor. The said James Mumford died July 1, 1933, leaving Margaret S. Mumford, the Defendant above, as sole executrix.

As sole and surviving executrix she filed a final account of her administration of the said estate in the office of the Register of Wills of Wayne County on or about May 8, 1934, which account showed a balance in the hands of the executrix which included, among other securities, ten shares of Un-

ion National Bank stock, which were given in said accounting a value of $1.

The said account was confirmed nisi June 18, 1934, to be confirmed absolute within thirty days unless exceptions were filed.

Exceptions were filed within the statutory period, but subsequently were withdrawn and the account was confirmed absolute March 22, 1935.

No notice, verbal or written, was ever given or filed by the said Defendant, Margaret S. Mumford, to the Union National Bank of Scranton, Pa., with James Linen, subsequently appointed Conservator of the said bank, or with John A. Hart, Receiver of the Union National Bank, the Plaintiff above, of a refusal on the part of the said Margaret S. Mumford, the Defendant, to accept the said stock in the Union National Bank bequeathed to her under and by virtue of the provisions of the will of her father, E. C. Mumford, now deceased.

Demand has been made upon Margaret S. Mumford for payment of the assessment levied on the above entitled ten shares of Union National Bank stock for the sum of $1,000, together with interest from January 4, 1937.

That the said assessment has not been paid by the said Defendant nor has any part been paid by her.

Distribution of estates under the Wayne County practice is usually made in accordance with the terms of the final account without audit.

Margaret S. Mumford, the Defendant above, executrix of the estate of E. C. Mumford, deceased, upon the confirmation of her final account had a balance in her hands consisting of the following securities and cash:

| | | | |
|---|---|---|---|
| 330 Shares | | Wayne County Savings Bank stock.... | $16,500.00 |
| 67 | " | Honesdale National Bank stock ........ | 6,700.00 |
| 81 | " | Honesdale Dime Bank stock ........ | 8,100.00 |
| 50 | " | Honesdale Water Co. stock .......... | 5,000.00 |
| 11 | " | Smith & Clark, 7% pfd. stock ......... | 990.00 |
| | | Union Stamp Shoe Co. stock .......... | 1.00 |
| 10 | " | Union National Bank stock ........ | 1,192.98 |
| | | Total ............. | $38,733.98 |

At the trial of this cause the Defendant admitted having distributed to herself as legatee under the will of E. C. Mumford, deceased, all of said securities, to wit, shares in the Wayne County Savings Bank, Honesdale National Bank, Honesdale Dime Bank, Honesdale Water Company, Smith & Clark and Union Stamp Shoe Company, and having taken possession of the same. She also admitted transferring to herself, as legatee, cash in bank in the amount of $1192.98.

The Defendant admitted retaining the physical possession of the certificate for ten shares of Union National Bank stock and having retained the same in her safe deposit box.

That as legatee under the will of the aforesaid E. C. Mumford, Margaret S. Mumford refused to accept the legacy of ten shares of Union National Bank of Scranton, Pa., stock.

That Margaret S. Mumford never asserted any right, title or interest in the aforesaid Union National Bank of Scranton, Pa., stock as owner.

The ten shares of stock in the Union National Bank of Scranton, Pa., were never transferred to the name of Margaret S. Mumford on the books of the bank, and are still in the name of E. C. Mumford on the books of the bank.

The question to be determined is whether Margaret S. Mumford became the owner of the bank stock.

Margaret S. Mumford, the Defendant, as executrix of the estate of E. C. Mumford, distributed to herself as legatee the residuary estate with the exception of the ten shares of stock in the Union National Bank. The evidence with reference to this stock is that it was listed in the executrix' final account at a nominal value of $1; that it has not been transferred on the records of the bank, but still remains in the name of E. C. Mumford; that all the other securities bequeathed to the Defendant have been transferred to her and are held in her own name; that this stock is kept separate and apart from the securities which have been transferred to herself as legatee. In addition to these facts, the Defendant testified that she had refused to accept the bequest of ten shares of stock and retained them in her capacity as executrix of the estate of E. C. Mumford, which estate has not yet been closed. From the above the Court found that Margaret S. Mumford,

the Defendant, as legatee, refused to accept the bank stock in issue.

The right of a beneficiary to reject a bequest is well settled. 69 C.J. 974. It is also well established that ownership of bank stock, with its attendant liabilities, cannot be thrust upon a person against his will. Best v. Turner, D.C., 1 F.Supp. 461; 9 C.J.S., Banks and Banking, § 77, p. 150. Therefore, since the Defendant rejected the bequest, she never became the owner of this stock.

The Plaintiff contends that the Defendant is estopped to deny ownership because of her failure to give the bank notice of her rejection of the bequest. No case has been cited to support this unique proposition. It would probably be a great convenience to the bank to receive notice of the acceptance or rejection of its stock by beneficiaries, but convenience does not give rise to a legal duty nor does failure to be thus obliging give rise to an estoppel. In the cases relied upon by the Plaintiff, the beneficiary did some act with reference to the stock which indicated that the bequest had been accepted, such as receiving dividends or acknowledging ownership in correspondence with the Comptroller. Collins v. Caldwell, 5 Cir., 29 F.2d 329; Gahagan v. Whitney, 271 Ill.App. 591. But in the present case, there was no act on the part of Margaret S. Mumford from which it could be found that the bequest had been accepted by her.

Now, April 24, 1939, judgment is directed to be entered in favor of the Defendant.