In the Matter of the Estate of CONRAD H. MATTHIESSEN, Deceased.

Surrogate's Court Orange County December 6. 1940.

*Humes, Buck, Smith & Stowell* [*Howard A. Marx* of counsel].
for the New York Trust Company, as executor.

*Elmer H. Lemon*, special guardian.

TAYLOR, S. Conrad Henry Matthiessen's will was admitted to probate in this court and letters testamentary granted to the accountant. The decedent left him surviving his wife and three sons, all of whom are living. These sons are married and have children who are contingent remaindermen under the will and interested in this proceeding. Some of the grandchildren are minors and they are represented here by the special guardian.

By clause " third " the decedent gave to his wife, Eda Matthiessen, " all of my personal property and effects other than bonds, stocks, notes and other securities and cash." And after a number of money bequests, by the " fifth " clause of his will, the decedent set up a trust to continue during the lives of his wife and his son Erard A. Matthiessen, and the life of the survivor of them, but in no event to continue for more than twenty years after the decedent's death, and, further, that the remarriage of the wife during the said twenty-year period should be, for the purpose of determining the duration of the trust, equivalent to her death. During the period of the trust the will directed that the income should be paid to the wife " so long as she lives and remains unmarried." Should the trust period continue beyond the death or remarriage of the wife, provision is then made for payment of the income for the balance of the trust period to the testator's children surviving his wife, with the proviso that if any child shall have died leaving issue him surviving, the share of the income which would have been paid to such deceased child, if living, should be paid to and divided among his issue. At the expiration of the trust it was provided that one-third of the principal should be paid to the wife, if then living and unmarried, and the remainder among the decedent's children and descendants of any deceased child *per stirpes*, with an exception not here material. The following paragraph in the same clause provides that if the wife should not be living at the expiration of the trust period, or be living but shall have remarried, then the one-third part which would otherwise have been hers should be divided among the testator's children.

The widow has caused to be filed in this court and with the trustee her renunciation of all benefits intended for her under clause " fifth " of the will.

Putting aside for the moment the fact that this will contains two legacies for the wife, provided in separate paragraphs, it is well settled that a beneficiary is not bound to accept a legacy or devise in his favor, but may disclaim or renounce his right under the will even where the gift to him is beneficial, provided that he has not previously accepted any of the benefits of that legacy. (*Burritt* v. *Silliman*, 13 N. Y. 93; *Albany Hospital* v. *Albany Guardian Society*,

214 id. 435; *Matter of Merritt*, 155 App. Div. 228; *Matter of Ripley*, 122 id. 419; affd., 192 N. Y. 536; *Matter of Wolfe*, 89 App. Div. 349; affd., 179 N. Y. 599; *Matter of Meyer*, 137 Misc. 730; *Matter of Irvin*, Id. 666; *Matter of Clarkson*, Id. 741; *Matter of Mahlstedt*, 140 id. 245; modfd. on other grounds, 234 App. Div. 891; *Matter of Delaney*, 158 Misc. 458.)

The matter of consideration cannot enter into the question, for a legacy being but an offer may be renounced or disclaimed without consideration. (*Dueringer* v. *Klocke*, 86 Misc. 404.)

The renunciation here was explicit so that there need not be examined the question of whether acts on the part of the beneficiary were consistent or inconsistent with acceptance. The carefully prepared renunciation was filed in this court and there not having been the faintest suggestion of its repudiation, it is clearly suffi- cient to constitute a rejection of this specified benefit.

Authorities are numerous to the effect that if a testator attaches conditions to a legacy, the benefits cannot be accepted and the burdens rejected (*Oliver* v. *Wells*, 254 N. Y. 451; *Beetson* v. *Stoops*, 186 id. 456; *Matter of Hughes*, 225 App. Div. 29; affd., 251 N Y 529; *Haebler* v. *Eichler Brewing Co.*, 42 App. Div. 95; *Matter of Mahlstedt*, 140 Misc. 245; modfd. on other grounds, 234 App. Div 891), but here there were no conditions or burdensome requirements attached to the legacy.

In at least two other jurisdictions it has been held that where there are two separate and distinct gifts made to the same person, the legatee may not reject a gift in one paragraph of the will which is burdensome and accept a gift in another paragraph which is le s burdensome. (*Cochran* v. *Commonwealth*, 241 Ky. 656; 44 S. W [2d] 603; *Foulkes* v. *Foulkes*, 173 Ark. 188; 293 S. W. 1; *Bacon* v. *Barber*, —— Vt. ——; 6 A. [2d] 9.)

Jarman in his excellent work on Wills (Vol. 1 [6th ed.], p. 556) states the rule to be: " Where by the same will two properties are given to the same person, one beneficial and the other burdensome, he is generally at liberty to accept the former and re'ect the latter, although by so doing he throws a burden on the testator's general estate, which, if he accepted both, must be borne by himself; as where the repudiated gift comprises shares in a company which, after the testator's death, fails and is wound up, the shareholders being called on to contribute, or where the subject is leasehold property, in respect of which the testator was liable at his death under his covenant to repair. So where a testator devised a house, which was mortgaged beyond its value, upon trust to permit his two sisters to have the use and occupation of it and the furniture in it; the furniture was sold and the proceeds invested; and it was held that the sisters were entitled to receive the income of the

investments without keeping down the interest on the mortgage debt * * *. The cases are not easy to reconcile, but the test seems to be whether or not the gifts are separate and distinct. If onerous property and beneficial property are included in the same gift, as an aggregate, then, unless a contrary intention appears by the will, the donee cannot disclaim the onerous property and accept that which is beneficial; he must take the whole gift or nothing. But if two distinct gifts are made by the same will, one of them being onerous and the other beneficial, the donee may reject the former and take the latter."

This question of the acceptance of one gift and the rejection of another has arisen in cases wherein bequests have been made of bank stock, subject to assessment, and other property. In *State Banking Company* v. *Hinton* (178 Ga. 68; 172 S. E. 42) there was a devise and a bequest in two separate paragraphs, the bequest being of certain bank stock which was subject to an assessment, and it was held that the beneficiaries had the legal right to accept the real estate as devised in one paragraph of the will, and to decline to accept the legacy of bank stock provided for in another paragraph, and that a bank assessment could not be collected from the will beneficiary.

*Brown* v. *Routzahn* (63 F. [2d] 914; certiorari denied, 290 U. S. 641) was a suit by the Collector of Internal Revenue to recover a tax upon a gift alleged to have been made in contemplation of death. The beneficiary under the will rejected a legacy for the announced purpose of permitting it to go directly to his children under the testator's will. This action upon the part of the beneficiary, it was claimed by the Collector of Internal Revenue, resulted in a transfer of the property to the children of the beneficiary as a gift from the former in contemplation of death. There were other legacies which the beneficiary accepted and the Collector contended there must be rejection or acceptance *in toto*. Said the court upon this question: " Where a testator makes two separate and distinct gifts, one beneficial and the other burdensome, the donee may undoubtedly accept the beneficial gift and reject the other, but, where there is a single gift, including burdensome and beneficial properties as an aggregate, then, unless a contrary intention appears from the will, the donee cannot disclaim the burdensome gift and accept the beneficial one. (Page on Wills, § 1233.) There is nothing in the record in this case to indicate that the gift of one-third of the property was burdensome nor in our view that that gift and the gift of the right to use the Cleveland residence was a single gift. The testator first gave to her husband a one-third interest in all of her property, including the Cleveland residence. After concluding this gift she then gave him in another provision

the right to use the Cleveland residence for life. The latter was a separate and distinct gift, and we can perceive in the reason for it, as stated by the testator, no purpose or intention to make its acceptance or enjoyment dependent upon an acceptance of the other gift."

*Hart* v. *Mumford* (27 F. Supp. 241) was an action by the receiver of a national bank to recover an assessment. There the argument that there could not be acceptance in part and rejection in part had a firmer foundation than here, for the reason that the bequest of the national bank stock was in the same paragraph with the bequest of cash, notes and other securities to the legatee. It was found, as a fact, that the beneficiary had refused to accept the bank stock, and after stating that the right of a beneficiary to reject a bequest is well settled, the court said: " But in the present case, there was no act on the part of Margaret S. Mumford from which it could be found that the bequest had been accepted by her."

Of course, the intention of the testator as expressed in his will is to control in all instances, and there may be cases, of which *Bird* v. *Hawkins* (58 N. J. Eq. 229; 42 A. 588) is an example, wherein it clearly appeared from the scheme of the will that the legacy or devise was an entire one, and that the legacy to which no burdens attached had perhaps been provided as sort of compensation for acceptance of the conditions imposed as to the other. In this case, however, there are no burdens or conditions attached to either bequest.

*Matter of Merritt* (155 App. Div. 228) may be said to be a case in which a legacy was accepted in part and rejected in part, although this result followed a compromise of certain differences. It might be argued that this decision must be founded upon its own peculiar facts, nevertheless it would seem there can be no distinction in principle between the rejection of a legacy in part, based upon a compromise agreement, and instances where there was such rejection of the beneficiary's own volition.

With respect to trusts " where the same settlor creates two separate trusts and names the same person as trustee of each trust, he can accept one trust and disclaim the other, unless the settlor has manifested an intention that he must accept both or neither." (Scott on Trusts, p. 547.) This situation may not be quite analogous enough to be controlling, yet it serves to point the way.

There can be no question of this renunciation not being prohibited by section 15 of the Personal Property Law. (*Matter of Hanna*, 155 Misc. 833.) The trust will continue and the law provides for disposition of the renounced income. (Real Prop. Law, § 63.)

What is the effect of the renunciation of a legacy with respect to the title or ownership of it? The cases agree that a legacy is an

offer, and that if renounced, or not accepted, it never becomes effective, and title relates back to the death of the testator. (*Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Burritt* v. *Silliman*, 13 id. 93; *Matter of Ripley*, 122 App. Div. 419; affd., 192 N. Y. 536; *Matter of Johnston*, 164 Misc. 469.)

These conclusions bring us to the questions of what becomes of the income during the trust period which would have gone to the widow, and whether intestacy results with respect to that portion of the principal which the widow would receive if she survived the trust period and remained unmarried.

Upon well-settled rules this undisposed trust income should go to those entitled to the next eventual estate (Real Prop. Law, § 63), who are the testator's children and the desendants of any deceased child *per stirpes.*

In approaching the second question there should be considered at the outset the rule that wherever possible intestacy is to be avoided. (*Matter of Mahlstedt*, 140 Misc. 245; modfd. on other grounds, 234 App. Div. 891; *West* v. *West*, 215 id. 285.)

Even though it be the rule that while there can be no residue of a residuary (*Wright* v. *Wright*, 225 N. Y. 329), residuary clauses are to be broadly construed (*Lamb* v. *Lamb*, 131 N. Y. 227; *Wright* v. *Wright*, 225 id. 329; *Matter of Logasa,* 163 Misc. 628), and the intention of a testator as gathered from the four corners of his will is to control.

Here, in the subdivision of the clause setting up the trust providing for remainder over at its termination, the testator directed that the principal should be divided and one-third thereof paid to his wife " if she be still living and unmarried, and the balance among my children," and in the following subdivision notice was taken of the possibility that the wife might not be living upon the expiration of the trust, or if living might have remarried, in which event the portion of the principal which would have been hers was directed to be divided among the testator's children and their descendants. By these provisions it is apparent that the testator intended that whatever might be the circumstance precluding the wife from sharing in the principal, all of it should be divided among his children and their descendants. By " balance " he included the entire trust principal if no part of it would go to the wife.

The remainders are contingent, and, therefore, cannot be accelerated, the trust must continue as the testator provided, so far as may be done, and the final distribution await the expiration of the trust period. (*Matter of Graham*, 145 Misc. 628; *Matter of Hutchins*, 136 id. 270; *Matter of Durand*, 250 N. Y. 45 )

Decree may be settled on five days' notice or by consent.