Joseph A. Cox, S.
In this proceeding to settle their supplemental account the executors have filed a petition requesting this court to determine the effect, validity and construction of two letters sent by the decedent’s widow to the executors and testamentary trustees herein.
An intermediate decree has been entered in this proceeding construing article Third A of the decedent’s will. That decree dated January 3, 1957 established the right of the widow to reimbursement out of the principal of the trust, of Federal and State income taxes paid by her on the income received from the trust so as to give her a net of $10,000 per annum after payment of taxes. On December 7, 1956, after the decision construing the will had been made but before the decree had been entered thereon, the said widow wrote a letter to the executor bank which, among other things, stated the following: “ I request the Bank under no circumstances to invade principal monies * * *. I further request that the above instructions be carried out by you regardless of any ruling by the Surrogate’s Court or any other court. The requests I have made are to remain in full force until such time as the same are changed by me in writing. ’ ’
On January 30, 1957 the widow again wrote to the executor bank withdrawing her letter of December 7, 1956 and revoking and canceling all directions and requests contained therein purporting to renounce or surrender her right to receive principal from the trust.
It is the opinion of this court that while the letter of December 7,1956 may have constituted a partial and temporary waiver of the widow’s right to receive principal, it did not constitute an effective renunciation by the widow of her right to such principal. A renunciation in order to be effective must be clear and unequivocal and must be made before acceptance by the
*423 beneficiary of any of the benefits of the trust (1A Bogert, Trusts, § 173; Albany Hosp. v. Albany Guardian Soc. & Home for Friendless, 214 N. Y. 435; Matter of Merritt, 155 App. Div. 228; Matter of Matthiessen, 175 Misc. 466; Matter of Butler, 128 N. Y. S. 2d 48; Matter of Wade, 270 App. Div. 712, 722, affd. 296 N. Y. 244).
The court notes that all the parties to this proceeding including the special guardian have, by stipulation, agreed that the letter of December 7, 1956 should be treated as a waiver of the widow’s right to receive principal from the trust from that date until January 31, 1957 when said waiver was revoked and that after that date the widow shall be entitled to receive all payments of principal which may have become due and payable and which may hereafter become due and payable to her under article Third A of the decedent’s will as construed. The court approves the stipulation to that extent and to that extent only. At this time, the court will make no ruling as to any future waivers or renunciations of principal that may be made by the widow.
Submit decree on notice settling the account accordingly.