John D. Bennett, S.
By order to show cause, the executor has petitioned for numerous items of relief. Items a, b, c, d and e of the requested relief were disposed of by the court during the hearings held in this matter. Items f, g, h, i and j all relate to the question of whether Philip Campisi, a beneficiary under the will, has accepted or renounced the bequest to him of a pharmacy business known as Campisi’s Pharmacy. Item k is similar in nature to Item e and the court declines jurisdiction thereof for the same reasons stated during the hearings.
Prior to the introduction of evidence at the hearing* on May 18, 1960, counsel for Philip objected to the continuation of the hearing on several grounds, one being that Philip’s absence from the State prevented his testifying at the hearing. After noting their objections on the record, such counsel left the courtroom. The hearing, which had been set down peremptorily, nevertheless continued. Although the court instructed counsel for Philip in chambers that they would be permitted to introduce any evidence they desired on the question at a later date, this opportunity was withdrawn by the court at the close of the hearing because of counsel’s refusal to partake in the hearing.
The evidence adduced by the petitioner leaves no doubt that Philip Campisi has accepted the bequest to him of the pharmacy business known as Campisi’s Pharmacy located at 59 North Village Avenue, Rockville Centre, New York. “ [i]t is well settled that a beneficiary is not bound to accept a legacy or devise in his favor, but may disclaim or renounce his right under the will even where the gift to him is beneficial, provided that he has not previously accepted any of the benefits of that legacy. ’ ’ {Matter of Matthiessen, 175 Misc. 466, 467 and cases there cited.)
The testator provided in Ms will that the pharmacy business conducted by him during his life with the assistance of Ms son, Philip Campisi, be turned over to his son “ as soon as practicable after my death, and to permit him to take possession and enter into the operation thereof with as little interruption to business as possible ”. In compliance with this intention, at the testator’s funeral the executor, another son of the decedent, and Philip agreed that turning over the pharmacy business to *888 Philip was the thing to do and what their father had wanted. On or about February 20, 1960, shortly after the decedent’s death, the business was reopened by Philip, who thereafter conducted the some with the assistance of certain other individuals. The executor stated that, after reopening the business, Philip did not consult with him at any time concerning the management of the pharmacy. The control by Philip over the business at ■ this time is exhibited by the following: Philip’s salary from the business was approximately doubled; the salary of Vincent Calabrese, a helper at the store, was increased approximately two-thirds; no receipts were turned over to the executor with but one small exception; merchandise was ordered without the consent of the executor; various individuals were employed to run the business without prior approval from the executor as to their qualifications; the Nassau County Welfare Department was instructed by Philip to make receipts payable to Campisi’s Pharmacy instead of to the estate, and debts of the business were paid in the approximate amount of $1,000. This evidence convincingly demonstrates the acceptance by Philip Campisi of the bequest of the pharmacy business to him by his father. The fact that Philip, by his affidavit submitted in opposition to the petition, contends that he is in no position to accept the business until there is a construction as to what the bequest consists of is immaterial. During the months following the testator’s death, the executor has been dangerously placed on the horns of a dilemmá as far as the business is concerned. On the one hand attempts to assert control over the business have met with stiff resistance from Philip, while, on the other hand, Philip alleges he is managing the business on behalf of the estate. These positions are thoroughly inconsistent with each other. By his acts and conduct, by his assumption of complete control and possession of the pharmacy business, Philip Campisi has demonstrated better than by words or documents his acceptance of the legacy of the business to him, and the court so holds.
No construction of the extent of the bequest of the pharmacy business, or what it comprises will be made by the court at this time, without an opportunity being given Philip Campisi to present such evidence as he may deem proper at a further hearing.
The Items of requested relief, h and i, being inconsistent with the determination herein made, are denied.
Item j of the requested relief seeks an indemnification bond to be filed by Philip Campisi in the event it is found that he has accepted his legacy, in order to protect the executor from the ‘ ‘ consequences of a failure by the said Philip Campisi to satisfy *889 the obligations of the Estate of Joseph R. Campisi to the creditors of said pharmacy”. Although there is no authority for a bond such as that requested in Item j of the order to show cause where the will as here contemplates an advance payment of a legacy prior to the expiration of seven months from the issuance of letters or before publication to creditors is completed, the executor “may require a bond, with two sufficient sureties, conditioned, that if debts against the deceased duly appear, and there are not other assets to pay the same, and no other assets sufficient to pay other legacies, then the legatees will refund the legacy so paid, or the value of the articles so delivered, with interest thereon”. (Surrogate’s Ct. Act, § 218.) In compliance with such section, the court grants the executor permission to insert in the order to be signed hereon that a bond be filed by Philip Campisi in accordance with the provisions of such section.
Settle order on five days ’ notice with three additional days if service is made by mail.