Maximilian Moss, S.
In the proceeding for the judicial settlement of the executor’s account, a construction is required of article 1 ‘ Twelfth ’ ’ of the will to determine the disposition *123 of the testator’s residuary estate. The petition also asks that the attorneys’ fees be fixed. A second petition requests the court’s permission for the nominated trustees to resign.
The bequest of the residuary estate under said article was made to the trustees, one of whom is a representative of The Industrial Home for the Blind, “ in trust ” with directions to set up a fund for The Industrial Home for the Blind (hereinafter to be referred to as “ The Home ”) to be known as “ The Bernard Angel Seeing-Eye Dog Fund,” to provide seeing-eye dogs for needy blind persons.
“ The Home” on or about October 10, 1955 served on the executor an acknowledged renunciation of any rights that it had pursuant to said paragraph of the testator’s will. “ The Home’s ” representative simultaneously renounced his right to letters of trusteeship.
“ The Home ” is a domestic nonprofit corporation devoted to the teaching, training and rehabilitation of sightless persons for whom it provides residence facilities. Many of the persons use guide dogs, and at several of its locations ‘ ‘ The Home ’ ’ provides kennels and care for the dogs. It does not provide seeing-eye dogs and it now seeks to alter the specific purpose of the gift on the ground that it is impractical to use the limited fund for its intended purpose. The formal renunciation was intended to precede the current application for the exercise by the court of its cy pres power and was not intended as an absolute rejection of the gift. The attitude of “ The Home ” is wholly compatible with its acceptance of the gift consonant with the application of the fund to a practical aid for sightless persons. Close adherence to the exact words of the testator would destroy rather than accomplish his intended purpose. Equity does not create a fetish of exactitude. The court will act consistent with the enlightened attitude adjured by the provisions of section 12 of the Personal Property Law to uphold and validate the charitable bequest (Matter of Potter, 307 N. Y. 504; Matter of Syracuse University (Hendricks), 1 Misc 2d 904, affd. 3 A D 2d 890 [7], affd. 4 N Y 2d 744; Matter of Pattberg, 282 App. Div. 770, affd. 306 N. Y. 835; Matter of Clark, 1 Misc 2d 869).
Permission to rescind the renunciation is consistent with the testamentary disposition and the court will endeavor to achieve such end (Matter of Draske, 160 Misc. 587, 593). The retraction of the previous renunciation has not adversely affected the legal or equitable right of any beneficiary named in the will. Permission is, therefore, granted to “ The Home ” to withdraw its previously filed renunciation (Matter of Johnston [No. 2], 164
*124 Misc. 469). The will contains no valid gift over, and under such circumstances a broad and not a restricted construction is required to avoid invalidity (Matter of Fabbri, 2 N Y 2d 236, 243; Matter of Hayes, 263 N. Y. 219, 225). In this instance the objecting distributees, who urge invalidity of the provision and distribution of the residuary by intestacy, are a niece and children of a nephew. By the “ Eighth ” article of the will, both the niece and nephew were named and given no bequests, the testator stating “ that I have not seen or heard from them for years.” The language of the court in Amherst College v. Ritch (151 N. Y. 282, 339) appears singularly appropriate and recites: ‘“Ina struggle between the heir or trustees whom the testator obviously did not intend to benefit, and a charity which he confessedly designed to endow, a court of equity will lend its aid to the extent of its legitimate powers to uphold the devise and to effectuate the laudable and meritorious purpose of the testator. ’ ’ ’
It is a matter of general knowledge and experience that the training of a guide or seeing-eye dog is not inexpensive. The application of the fund for purchase of guide dogs would shortly exhaust it, and the court must concur with “ The Home ” that its application for such purpose is impracticable. After consideration of all factors involved, the court is fully in accord that circumstances have so changed since the execution of the testator’s will as to make a literal compliance with the direction contained in article “ Twelfth ” of the will neither desirable nor practicable. The corpus' of the fund provided by said article “ Twelfth ” shall be distributed to The Industrial Home for the Blind to he applied by it for the maintenance of kennels for seeing-eye dogs of needy blind persons, the said fund to be known and designated as ‘ ‘ The Bernard Angel Seeing-Eye Dog Fund.”
The compensation of the attorneys is fixed and allowed in the requested amount. The application of the nominated trustees for leave to resign is granted.